# <u>EXHIBIT E</u>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
Forman Holt
365 West Passaic Street
Suite 400
Rochelle Park, NJ 07662
Telephone: (201) 857-7110
Michael E. Holt, Esq. (MEH-8735)
*Counsel for the Debtors*

K&L Gates LLP
One Newark Center
1085 Raymond Boulevard, 10th Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Daniel M. Eliades, Esq. (DME-6203)
David S. Catuogno, Esq (DSC-1397)
William Waldman, Esq. (WLW-1452)
*Special Counsel for the Debtors*

**Order Filed on October 7, 2024
by Clerk,
U.S. Bankruptcy Court
District of New Jersey**

In re:

Supor Properties Enterprises LLC, *et al.*[1],

Debtors.

Case No. 24-13427 (SLM)
Judge: Hon. Stacey L. Meisel
Chapter 11
(Jointly Administered)

## ORDER (I) APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through forty-six (46), is hereby **ORDERED.**

**DATED: October 7, 2024**

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Supor Properties Enterprises LLC (5580); J Supor 136-1 Realty LLC (3205); Supor-172 Realty LLC (EIN No. 5662); Supor Properties Breiderhoft LLC (7258); Supor Properties Devon LLC (6357); Shore Properties Associates North LLC (6707); Supor Properties 600 Urban Renewal, LLC (8604); JS Realty Properties, LLC (2497); and Supor Properties Harrison Avenue, LLC (1728).

Debtors: Supor Properties Enterprises LLC, *et al.*
Case No.: 24-13427 (SLM) (Jointly Administered)
Caption of Order: Order (I) Approving the Sale of Assets Free and Clear of All Liens,
Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
Assignment of Certain Executory Contracts and Unexpired Leases, and
(III) Granting Related Relief

Upon the motion, dated April 22, 2024 (the "**Sales Procedures Motion**"), of Supor
Properties Enterprises LLC; J Supor 136-1 Realty LLC; Supor-172 Realty LLC; Supor Properties
Breiderhoft LLC; Supor Properties Devon LLC; Shore Properties Associates North LLC; Supor
Properties 600 Urban Renewal, LLC; JS Realty Properties, LLC; and Supor Properties Harrison
Avenue LLC (each a referred to as a "**Debtor**" and collectively as the "**Debtors**") in the above-
captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 363, 365, and
503 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 6004, 6006,
and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of
an order (the "**Sale Procedures Order**") *(I) (a) Approving the Bidding and Auction Procedures,*
*(b) Scheduling Bid Deadlines and an Auction, (c) Approving the Form and Manner of Notice*
*Thereof, and (II) (a) Authorizing Sale of Assets and (b) Granting Related Relief* [ECF. No. 58]
including (i) authorizing Debtors to designate Stalking Horse Bidders and approving the break-up
fee; (ii) approving the sale procedures (the "**Sale Procedures**") related to one or more sales of the
Debtors' assets, including the sale of the Properties (the "**Sale**"); (iii) the form and manner of
notices of Sale Procedures and Auctions, Cure Amounts, designation of Stalking Horse Bidder and
Successful Bidder(s) and Back-up Bidder(s); and (iv) establishing certain notice procedures for
determining cure amounts for executory contracts and unexpired leases to be assumed and assigned
in connection with such Sale (the "**Assumption and Assignment Procedures**"); and this Court
entered the Sale Procedures Order on April 29, 2024 [ECF. No. 80]; and the Purchaser having been
selected as the Successful Bidder for the Properties set forth in the Purchase and Sale Agreement
(as defined herein) (each referred to as a "**Property**" and collectively as the "**Properties**"); and

Debtors: Supor Properties Enterprises LLC, *et al.*
Case No.: 24-13427 (SLM) (Jointly Administered)
Caption of Order: Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief

---

upon the Purchaser and certain of the Debtors (the "**Sellers**") having entered into that certain Purchase and Sale Agreement, dated as of August 15, 2024 (attached hereto as **Exhibit A**, and as it may be amended, modified, or supplemented in accordance with the terms hereof and thereof, the "**Purchase and Sale Agreement**");[2] and pursuant to the Purchase and Sale Agreement, Purchaser having the ability to designate one or more affiliates of Purchaser as designee for any or all of the Properties and Assumed Liabilities (or portions thereof) (the "**Purchaser Designees**"), each of which shall be entitled to the rights and protections set forth in this order (this "**Sale Order**"), including, without limitation, paragraph 28 hereof; and the Debtors, in consultation with the Consultation Parties and consistent Sale Procedures and the Sale Procedures Order, having determined to withdraw the Properties from the proposed Auction and to seek approval of a private sale of the Properties to Purchaser or to Purchaser's Designee consistent with the Purchase and Sale Agreement; and this Court having conducted a hearing on October 1 and 4, 2024 (collectively, the "**Sale Hearing**"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Purchase and Sale Agreement, and this Sale Order; and this Court having reviewed and considered all objections thereto including the Limited Objection of the Town of Harrison and Harrison Redevelopment Agency [ECF 250 and 257] (the "**Harrison Objection**") and the Objection of The Port Authority of New York and New Jersey and The Port Authority Trans-Hudson Corporation [ECF 218] (the "**Port Authority Objection**"), and the arguments of

---

[2] Capitalized terms used, but not otherwise defined, herein shall have the meaning ascribed to such terms in the Purchase and Sale Agreement or, if not defined therein, in the Sale Procedures or the Sale Procedures Motion.

| Page 4 | |
|---|---|
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

counsel made, and the evidence adduced, at the Sale Procedures Hearing and the Sale Hearing; and the Harrison Objection having been withdrawn and resolved pursuant to the terms of this Order and a related consent order between Harrison Redevelopment Agency and Purchaser; and the Port Authority Objection having been resolved pursuant to the terms of this Order; and upon the entire record of the Sale Procedures Hearing and the Sale Hearing, and after due deliberation thereon, and good cause appearing therefor:

**THE COURT HEREBY FINDS THAT:**[3]

**Jurisdiction, Final Order and Statutory Predicates**

A. This Court has jurisdiction to hear and determine the approval of the Sale under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

C. The statutory predicates for the relief sought by the Debtors are sections 105(a),

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Page 5
Debtors:          Supor Properties Enterprises LLC, *et al.*
Case No.:         24-13427 (SLM) (Jointly Administered)
Caption of Order: Order (I) Approving the Sale of Assets Free and Clear of All Liens,
                  Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
                  Assignment of Certain Executory Contracts and Unexpired Leases, and
                  (III) Granting Related Relief

363, 365 and 503 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9014, and the

applicable Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of New Jersey (the "**Local Rules**").

**Notice of the Sale, Proposed Auction, and the Cure Payments**

D.      Actual written notice of the Sale Hearing, the proposed Auction, the Sale, and the

assumption, assignment and/or transfer of the Purchased Contracts, and a reasonable opportunity

to object or be heard with respect thereto and to the entry of this Sale Order has been afforded to

all known interested Persons and entities entitled to receive such notice, including, but not limited

to, the following parties: (i) counsel to the Lenders; (ii) the Office of the United States Trustee;

(iii) all entities (or counsel therefore) known to have asserted any lien, charge, claim or

encumbrance on the Properties; (iv) all federal, state and local regulatory or taxing authorities

which are reasonably ascertainable by the Sellers to have a known interest in the Properties; (v)

known non-Debtor counterparties to any unexpired leases or executory contracts that could

potentially be assumed and assigned to the Successful Bidder; and (vi) those parties who have

requested notice pursuant to Bankruptcy Rule 2002.

E.      The Debtors published notice of the Sale, the Sale Procedures, the time and place

of the proposed Auction, the time and place of the Sale Hearing and the time for filing an objection

to the Sale Order as required in the Sale Procedures Order.

F.      In accordance with the provisions of the Sales Procedures Order, the Debtors have

served notice (the "**Assumption Notices**") upon all of the non-Debtor counterparties to the

Purchased Contracts setting forth: (i) the contract(s) and/or lease(s) that may be assumed by the

| | |
|---|---|
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

Sellers and assigned to the Purchaser; (ii) the name and address of the counterparty thereto; (iii) notice of the proposed effective date of the assignment (subject to the right of the Sellers and/or the Purchaser to withdraw such request for assumption and assignment of the Purchased Contract(s) prior to the Closing); (iv) the amount, if any, determined by the Sellers to be necessary to be paid to cure and compensate for any existing default in accordance with sections 365(b) and 365(f)(2) of the Bankruptcy Code (the "**Cure Amount**"); and (v) the deadlines by which any such Counterparty must file an objection to the proposed assumption and assignment of any Purchased Contract.

G. The service of such Assumption Notices (i) was good, sufficient and appropriate under the circumstances of these Chapter 11 Cases; (ii) provided such counterparties with a full and fair opportunity to object to such assumption, assignment, or transfer and to the proposed Cure Amount set forth in the Assumption Notice; and (iii) was in compliance with the Sale Procedures Order and applicable provisions of the Bankruptcy Rules and Local Rules. Accordingly, no other or further notice need be given in connection with such assumption, assignment, or transfer or with respect to the amount of Cure Costs.

H. As evidenced by the affidavits of service previously filed with this Court and as approved under the Sale Procedures Order: (i) due, proper, timely, adequate and sufficient notice of the proposed Auction, the Sale Hearing, the assumption and assignment of the Purchased Contracts, the entry of this Sale Order, and the Sale has been provided to all parties-in-interest; (ii) such notice was, and is, good, sufficient and appropriate under the circumstances of these Chapter 11 Cases, provided a fair and reasonable opportunity for parties-in-interest to object, and to be

F0225001 - 1                    F0219661 - 1
320764512.2

| Page 7 | |
|---|---|
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

heard, with respect thereto, and was provided in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9006, 9007 and 9014, and the applicable Local Rules; and (iii) no other or further notice of such matters is necessary or shall be required.

### Business Judgment

I.      The Sellers have demonstrated good, sufficient and sound business purposes and justifications for, and compelling circumstances to promptly consummate, the Sale and other transactions contemplated by the Purchase and Sale Agreement and any additional or ancillary documents contemplated thereby (the **"Transaction Documents"**), including, without limitation, the assumption, assignment, and/or transfer of the Purchased Contracts (collectively, the **"Transactions"**) pursuant to sections 363 and 365 of the Bankruptcy Code, and such action is an appropriate exercise of the Sellers' business judgment and in the best interests of the Sellers, their Estates, and their creditors. Such business reasons include, but are not limited to, the facts that: (i) there is substantial risk of depreciation of the value of the Properties and/or a significant increase in the amount of claims secured by the Properties if the Sale is not consummated promptly; (ii) the Purchase and Sale Agreement constitutes the highest or otherwise best offer for the Properties; (iii) the Purchase and Sale Agreement and the Closing will present the best opportunity to realize the value of the Properties and avoid decline and/or devaluation of the Properties or the Sellers' equity therein; and (iv) unless the Sale is concluded expeditiously as provided for in this Sale Order and pursuant to the Purchase and Sale Agreement, potential creditor recoveries may be substantially diminished.

| | |
|---|---|
| Page 8 | |
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

### Good Faith of the Purchaser; No Collusion

J.       Neither the Purchaser nor any Purchaser Designee is an insider (as that term is defined in section 101(31) of the Bankruptcy Code) of any of the Debtors.

K.       The Purchaser and the Purchaser Designees, as applicable, are purchasing the Properties in good faith, and is a good faith purchaser, within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to, and granted pursuant to paragraph 27 below, the full rights, benefits, privileges, and protections of that provision, and each has otherwise proceeded in good faith in all respects in connection with the Transaction in that, *inter alia*: (i) the Purchaser recognized that the Sellers were free to deal with any other party interested in acquiring the Properties; (ii) the Purchaser complied with the provisions in the Sale Procedures Order; (iii) the Purchaser agreed to subject its bid and the Purchase and Sale Agreement to the competitive bidding procedures set forth in the Sale Procedures Order; (iv) all payments to be made by the Purchaser and other agreements or arrangements entered into by the Purchaser in connection with the Sale have been disclosed; (v) neither the Purchaser nor any Purchaser Designee has violated section 363(n) of the Bankruptcy Code by any action or inaction; (vi) no common identity of directors or controlling stockholders/members exists between the Purchaser or the Purchaser Designees, on the one hand, and any of the Debtors, on the other hand; and (vii) the negotiation and execution of the Purchase and Sale Agreement and Transaction Documents were at arms' length and in good faith.

L.       None of the Debtors, the Purchaser, or the Purchaser Designees or any of their respective current and former officers, directors, managers, members, partners, managed funds, affiliates,        agents,        advisors,        professionals,        and        representatives        (collectively,        the

| | |
|---|---|
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

**"Representatives"**), has engaged in any conduct that would cause or permit the Purchase and Sale Agreement or any of the Transaction Documents, or the consummation of the Transaction, to be avoidable or avoided, or for costs or damages to be imposed, under section 363(n) of the Bankruptcy Code, or has acted in bad faith or in any improper or collusive manner with any Person in connection therewith.

### Highest and Best Offer

M.      In accordance with the Sale Procedures Order, the Purchase and Sale Agreement was deemed a Qualified Bid (as defined in the Sale Procedures Order).

N.      The Debtors conducted a sale process in accordance with, and have otherwise complied in all material respects with, the Sale Procedures Order. The  process set forth in the Sale Procedures Order afforded a full, fair, and reasonable opportunity for any Person or entity to make a higher or otherwise better offer to purchase the Properties. The Sale Procedures were duly noticed and conducted in a non-collusive, fair, and good faith manner and a reasonable opportunity has been given to any interested party to make a higher or otherwise better offer for the Properties.

O.      The Purchase and Sale Agreement constitutes the highest and best offer for the Properties and will provide a greater recovery for the Sellers' Estates than would be provided by any other available alternative. The Sellers' determination that the Purchase and Sale Agreement constitutes the highest and best offer for the Properties constitutes a valid and sound exercise of the Sellers' business judgment.

P.      The Purchase and Sale Agreement represents a fair and reasonable offer to purchase the Properties under the circumstances of these Chapter 11 Cases. No other Person or entity or

| | |
|---|---|
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

group of entities has offered to purchase the Properties for greater economic value to the Sellers' Estates than the Purchaser.

Q.     Approval of the Purchase and Sale Agreement, and the prompt consummation of the Transactions contemplated thereby, is in the best interests of the Sellers, their creditors, their Estates, and other parties-in-interest.

**No Fraudulent Transfer; Not a Successor**

R.     The Purchase and Sale Agreement and Transaction Documents were not entered into, and the Transactions are not being consummated, for the purpose of hindering, delaying or defrauding creditors of the Debtors under Applicable Law, and none of the Parties to the Purchase and Sale Agreement or any of the Transaction Documents are consummating the Transactions with any fraudulent or otherwise improper purpose. The Purchase Price for the Properties constitutes (i) reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act and (iii) reasonably equivalent value, fair consideration, and fair value under any other Applicable Laws of any Governmental Authority.

S.     Except as expressly set forth in the Purchase and Sale Agreement with respect to the Assumed Liabilities, after the Closing neither the Purchaser nor any Purchaser Designee shall have any liability, responsibility, or obligations of any kind or nature whatsoever for any Interest (as defined below) of or against the Sellers, or otherwise related to the Properties, and arising prior to the Closing, by reason of the transfer of the Properties to the Purchaser or such Purchaser Designee. Neither the Purchaser nor any Purchaser Designee shall be deemed, as a result of any

F0225001 - 1                    F0219661 - 1
320764512.2

Page 11

| | |
|---|---|
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

action taken in connection with the Transactions, to: (1) be a successor (or other such similarly situated party) to any of the Sellers (other than with respect to the Assumed Liabilities as expressly stated in the Purchase and Sale Agreement); or (2) have, *de facto* or otherwise, merged or consolidated with or into any of the Sellers. The Purchaser and the Purchaser Designees are not acquiring or assuming any Interest arising prior to the Closing, except as expressly set forth in the Purchase and Sale Agreement with respect to the Assumed Liabilities.

**Validity of Transfer**

T.      Subject to the entry of this Sale Order, the Sellers have full corporate power and authority (i) to perform all their obligations under the Purchase and Sale Agreement and the Transaction Documents, and the Sellers' prior execution and delivery thereof and performance thereunder, is hereby ratified in full, and (ii) to consummate the Transactions. The Purchase and Sale Agreement and Transaction Documents, and the Transactions contemplated thereby, have been duly and validly authorized by all necessary corporate action. No further consents or approvals are required for the Sellers to consummate the Transactions or otherwise perform their respective obligations under the Purchase and Sale Agreement or the Transaction Documents, except in each case as otherwise expressly set forth in the Purchase and Sale Agreement or applicable Transaction Documents.

U.      At Closing, the transfer of the Properties to the Purchaser or the Purchaser Designees, including, without limitation, the assumption, assignment and transfer of the Purchased Contracts, will be a legal, valid, and effective transfer thereof, and vest the Purchaser and the Purchaser Designees with all right, title, and interest of the Sellers in and to the Properties, free

Debtors:         Supor Properties Enterprises LLC, *et al.*
Case No.:        24-13427 (SLM) (Jointly Administered)
Caption of Order: Order (I) Approving the Sale of Assets Free and Clear of All Liens,
                 Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
                 Assignment of Certain Executory Contracts and Unexpired Leases, and
                 (III) Granting Related Relief

and clear of all liens, claims, encumbrances, and Interests accruing or arising any time prior to the Closing Date, subject to paragraph 33 of this Sale Order and except as expressly set forth in the Purchase and Sale Agreement with respect to the Assumed Liabilities or Permitted Exceptions.[4]

### Section 363(f) Is Satisfied

V.      The Purchaser and the Purchaser Designees would not have entered into the Purchase and Sale Agreement and would not consummate the Transactions if the sale of the Properties, including the assumption, assignment and transfer of the Purchased Contracts, to the Purchaser or the Purchaser Designees, as applicable, were not free and clear of all liens, claims, encumbrances, and other Interests of any kind or nature whatsoever (except as expressly set forth in the Purchase and Sale Agreement with respect to the Permitted Exceptions and Assumed Liabilities), or if the Purchaser or the Purchaser Designees, any of their respective Affiliates or subsidiaries, or any of their respective Representatives, would, or in the future could, be liable for any of such liens, claims, encumbrances, and other Interests of any kind or nature whatsoever (except as expressly set forth in the Purchase and Sale Agreement with respect to the Permitted Exceptions and Assumed Liabilities). For avoidance of doubt, the Sellers and Purchaser acknowledge that the "Easements", as defined in the Port Authority Objection, are Permitted Exceptions under the Purchase and Sale Agreement and Purchaser shall take title to the Properties subject to such Easements and nothing contained herein shall extinguish, discharge or modify such Easements.

---

[4] For the avoidance of doubt, Permitted Exceptions shall include special tax assessments including any assessments under the RDA if the RDA is a Purchased Contract.

| | |
|---|---|
| Page 13 | |
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

W.     The Sellers may sell or otherwise transfer the Properties free and clear of all liens, claims, encumbrances, and other Interests because, in each case, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. Those holders of liens, claims, encumbrances, and other Interests against the Sellers, their Estates or any of the Properties who did not object, or who withdrew their objections, to the Sale are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of such liens, claims, encumbrances, and other Interests who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their liens, claims, encumbrances, or other Interests, if any, automatically attach to the proceeds of the Sale ultimately attributable to the Properties in which such creditor alleges or asserts an liens, claims, encumbrance, or other Interests, in the same order of priority, with the same validity, force and effect, that such liens, claims, encumbrances or other Interests had immediately prior to consummation of the Sale as against the Properties, subject to any claims and defenses the Sellers and their Estates may possess with respect thereto.

X.     As used in this Sale Order, the term "**Interest**" includes, in addition to the types of claims described in paragraph Y below, all of the following, in each case to the extent against or with respect to any of the Sellers or in, on, or against or with respect to any of the Properties: liens (as defined in section 101(37) of the Bankruptcy Code, and whether consensual, statutory, possessory, judicial, or otherwise), claims (as defined in section 101(5) of the Bankruptcy Code), debts (as defined in section 101(12) of the Bankruptcy Code), encumbrances, obligations, liabilities, demands, guarantees, actions, suits, deposits, credits, allowances, options, rights,

Debtors: Supor Properties Enterprises LLC, *et al.*

Case No.: 24-13427 (SLM) (Jointly Administered)

Caption of Order: Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief

---

restrictions, limitations, contractual commitments, rights, or interests of any kind or nature whatsoever, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of this chapter 11 case, and whether imposed by agreement, understanding, law, equity, or otherwise, including, but not limited to, (a) mortgages, deeds of trust, pledges, charges, security interests, hypothecations, encumbrances, easements, servitudes, leases, subleases, rights-of-way, encroachments, restrictive covenants, restrictions on transferability or other similar restrictions, rights of setoff (except for setoffs validly exercised before the Petition Date), rights of use or possession, subleases, leases, conditional sale arrangements, deferred purchase price obligations, or any similar rights; (b) all claims, including, without limitation, all rights or causes of action (whether in law or equity), proceedings, warranties, guarantees, indemnities, rights of recovery, setoff (except for setoffs validly exercised before the Petition Date), indemnity or contribution, obligations, demands, restrictions, indemnification claims, or liabilities relating to any act or omission of the Sellers or any other person, consent rights, options, contract rights, Franchise Agreements, covenants, and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued, or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of the Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity, or otherwise; (c) all debts, liabilities, obligations, contractual rights and claims, Franchise Agreement claims, and labor,

Case 24-13427-SLM Doc 279-5 Filed 10/06/24/25 Entered 10/06/24/25 10:21:25 26 Desc Main
Page 15
Document Page 16 of 47
Debtors: Supor Properties Enterprises LLC, *et al.*
Case No.: 24-13427 (SLM) (Jointly Administered)
Caption of Order: Order (I) Approving the Sale of Assets Free and Clear of All Liens,
Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
Assignment of Certain Executory Contracts and Unexpired Leases, and
(III) Granting Related Relief

employment, and pension claims; (d) any rights that purport to give any party a right or option to effect any forfeiture, modification, right of first offer or first refusal, or consents, or termination of the Sellers' or the Purchaser's interest in the Properties, or any similar rights; (e) any rights under labor or employment agreements; (f) any rights under pension, multiemployer plan (as such term is defined in section 3(37) or section 4001(a)(3) of the Employment Retirement Income Security Act of 1974 (as amended, **ERISA**)), health or welfare, compensation or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plans of the Sellers or any multiemployer plan to which the Sellers have at any time contributed to or had any liability or potential liability; (g) any other employee claims related to worker's compensation, occupation disease, or unemployment or temporary disability, including, without limitation, claims that might otherwise arise under or pursuant to (i) ERISA, (ii) the Fair Labor Standards Act, (iii) Title VII of the Civil Rights Act of 1964, (iv) the Federal Rehabilitation Act of 1973, (v) the National Labor Relations Act, (vi) the Age Discrimination and Employment Act of 1967 and the Age Discrimination in Employment Act, each as amended, (vii) the Americans with Disabilities Act of 1990, (viii) the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, including, without limitation, the requirements of Part 6 of Subtitle B of Title I of ERISA and Section 4980B of the Internal Revenue Code of any similar state law, (ix) state discrimination laws, (x) state unemployment compensation laws or any other similar state laws, (xi) any other state or federal benefits or claims relating to any employment with the Sellers or any of their predecessors, or (xii) the WARN Act (29 U.S.C. §§ 2101, et seq.) or any state or other laws of similar effect; (h) any bulk sales or similar law; (i) any tax statutes or ordinances, including,

Page 16
Debtors:            Supor Properties Enterprises LLC, *et al.*
Case No.:           24-13427 (SLM) (Jointly Administered)
Caption of Order:   Order (I) Approving the Sale of Assets Free and Clear of All Liens,
                    Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
                    Assignment of Certain Executory Contracts and Unexpired Leases, and
                    (III) Granting Related Relief

without limitation, the Internal Revenue Code of 1986, as amended, and any taxes arising under

or out of, in connection with, or in any way relating to the operation of the Properties or business

of the Sellers before the closing of the Sale; (j) any unexpired and executory contract or unexpired

lease to which the Sellers are a party that is not assumed pursuant to this Sale Order or other Final

Order of this Court; (k) any other excluded liabilities under the Purchase and Sale Agreement; and

(l) Interests arising under or in connection with any acts, or failures to act, of the Sellers or any of

their predecessors, affiliates, or subsidiaries, including, but not limited to, Interests arising under

any doctrines of successor liability (to the greatest extent permitted by applicable law), or

transferee or vicarious liability, violation of the Securities Act of 1933, the Securities Exchange

Act of 1934, or other applicable securities laws or regulations, breach of fiduciary duty, or aiding

or abetting breach of fiduciary duty, or any similar theories under Applicable Law or otherwise.

Y.      Except as expressly set forth in the Purchase and Sale Agreement with respect to

the Assumed Liabilities or Permitted Exceptions, and without limiting the nature or scope of

paragraph X above, the transfer of the Properties, including the assumption, assignment and/or

transfer of the Purchased Contracts, to the Purchaser or the Purchaser Designees, as applicable,

will not, except for obligations to pay all Cure Costs, subject the Purchaser or the Purchaser

Designees to any liability or encumbrance whatsoever with respect to the operation or condition

of the Properties prior to the Closing or with respect to any facts, acts, actions, omissions,

circumstances or conditions existing, occurring or accruing with respect thereto prior to the

Closing Date, including, without limitation, any liability or encumbrance arising from any of the

following: (i) any employment or labor agreements, consulting agreements, severance

F0225001 - 1                        F0219661 - 1
320764512.2

Page 17
Debtors: Supor Properties Enterprises LLC, *et al.*
Case No.: 24-13427 (SLM) (Jointly Administered)
Caption of Order: Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief

arrangements, change in control agreements or other similar agreements to which any Debtor is or was a party, (ii) any pension, welfare, compensation or other employee benefit plans, agreements, practices, and programs, including without limitation, any pension plan of the Sellers, (iii) the cessation of the Sellers' operations, dismissal of employees, or termination of employment or labor agreements or pension, welfare, compensation or other employee benefit plans, agreements, practices and programs and any obligations with respect thereto that arise from the Employee Retirement Income Security Act of 1974, the Fair Labor Standard Act, Title VII of the Civil rights Act of 1964, the Age Discrimination and Employment Act of 1967, the Americans with Disabilities Act of 1990, the Federal Rehabilitation Act of 1973, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 or the Worker Adjustment and Retraining Notification Act, (iv) workmen's compensation, occupational disease or unemployment or temporary disability insurance claims, (v) environment liabilities, debts, claims or obligations which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act or any Environmental Laws, (vi) products liability or warranties, (vii) any bulk sales or similar law, (viii) any litigation by or against the Sellers and (ix) the Laws of the United States, any state, territory or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity, including, without limitation, any theory of antitrust, products liability, or successor, vicarious or transferee liability. For the avoidance of doubt, the liabilities and encumbrances set forth in this paragraph are included in the defined term "**Interests**" for all purposes of this Sale Order.

F0225001 - 1
320764512.2

F0219661 - 1

| | |
|---|---|
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

**Assumption, Assignment and/or Transfer of the Purchased Contracts**

Z.     The assumption, assignment and/or transfer of the Purchased Contracts to the Purchaser and the Purchaser Designees, as applicable, pursuant to the terms of this Sale Order is integral to the Purchase and Sale Agreement and is in the best interests of the Sellers and their Estates, creditors, and other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Sellers.

AA.     To the extent necessary or required by applicable law, the Purchaser has or will have as of the Closing Date: (i) cured, or provided adequate assurance of cure, of any default existing prior to the Closing Date with respect to the Purchased Contracts, within the meaning of sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, and (ii) provided compensation, or adequate assurance of compensation, to any party for any actual pecuniary loss to such party resulting from such default, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code. The respective amounts set forth in the Sellers' Assumption Notice (or any Supplemental Assumption Notice(s) served in accordance with the Assumption and Assignment Procedures)[5]

---

[5] The "Assumption Notice" referenced herein was actually an August 24, 2024, letter From the Law Firm of Forman Holt, counsel for the Debtors addressed to "All parties on the Attached Service List" (the "Cure Letter"), regarding, among other things, the cure amount. The Cure Letter was served together with all of the sale pleadings in this matter upon (1) the Town of Harrison by overnight mail; (2) the Harrison Redevelopment Agency c/o/ Paul Zarbetski, Esq, by email; (3) Anthony Sodono, Esq, and Sari Placona, Esq, counsel for the Town of Harrison and the Harrison Redevelopment Agency, by email; and (4) James Bruno Esq, counsel for the Harrison Redevelopment Agency, by email. The cure amount per the Cure Letter was $136,036 (the date the cure was calculated was not set forth). The Town of Harrison and the Harrison Redevelopment Agency did not file objections to the cure amount as set forth in the Cure Letter. As of October 1, 2024, the cure amount is $203.698.09 which shall accrue until the closing date. The per diem amount is $22.78. The total amount owed shall be paid by Purchaser on the Closing Date. The Purchaser, Purchaser Designees and the Town of Harrison and Harrison Redevelopment Agency have entered into an agreement the terms of which were placed on the record on October 4, 2024, setting forth, among other

| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

are the sole amounts necessary under sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code to cure all such monetary defaults and pay all actual pecuniary losses under the Purchased Contracts.

BB.     The promise of the Purchaser or the Purchaser Designees, as applicable, to perform the obligations first arising under the Purchased Contracts after their assumption and assignment to the Purchaser or the Purchaser Designees, as applicable, constitutes adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code to the extent that any such assurance is required and not waived by the counterparties to such Purchased Contracts. Any objections to the foregoing, the determination of any Cure Amount, or otherwise related to or in connection with the assumption, assignment or transfer of any of the Purchased Contracts to the Purchaser or the Purchaser Designees are hereby overruled on the merits or otherwise treated as set forth in paragraph 3 below. Those non-Debtor parties to Purchased Contracts who did not object to the assumption, assignment or transfer of their applicable Purchased Contract, or to their applicable Cure Amount, are deemed to have consented thereto for all purposes of this Sale Order.

CC.     Pursuant to the Purchase and Sale Agreement, the Purchaser shall maintain certain rights to modify the list of the Purchased Contracts after the date of this Sale Order. Such modification rights include, but are not limited to, the right of the Purchaser, prior to the Closing Date, to designate a Contract for assumption by the Sellers and assignment to the Purchaser or

---

things, the amount of the cure. The terms and conditions placed on the record on October 4, 2024, including, but not limited to the cure amount, are incorporated herein by reference as if fully set forth herein.

F0225001 - 1                                    F0219661 - 1
320764512.2

| Debtors: | Supor Properties Enterprises LLC, *et al.* |
|---|---|
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

Purchaser Designees, as well as, the right of the Purchaser to re-designate any Purchased Contract as an Excluded Contract, in the event that this Court determines a Cure Amount for such Purchased Contract in an amount unacceptable to the Purchaser. Sellers shall, upon written request by Purchaser, seek a Bankruptcy Court Order for approval to modify the list of Purchased Contracts and/or Excluded Contracts, as applicable, on notice to all parties in interest, including all applicable non-Debtor counterparties, with (i) notice of the proposed treatment of their respective Executory Contract(s) or Unexpired Lease(s); (ii) the Cure Costs to be paid, if any; (iii) establishing deadlines for objection to the proposed modified treatment of the Executory Contract/Unexpired Lease; and (iv) establishing a hearing date for the resolution of any filed objections. For the avoidance of doubt, if the sale of the Purchaser does not close on the Purchase of the Properties in a timely manner as provided in the Purchase and Sale Agreement and this Order, the Purchased Contracts shall be deemed to have not been assumed by the Sellers nor assigned to the Purchaser.

## Compelling Circumstances for an Immediate Sale

DD. To maximize the value of the Properties, to reduce the administrative burden of the Chapter 11 Cases borne by the Sellers and to comply with the compromises reached by the Debtors with the Lenders in the RSA and stipulation relating to the Debtors' use of cash collateral, it is essential that the Sale of the Properties occur within the time constraints set forth in the Purchase and Sale Agreement. Time is of the essence in consummating the Sale. The Sale must be approved and consummated promptly in order to maximize the return to the Estates. Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rules 6004 and 6006 with regards to the Transactions contemplated by this Sale Order, the Purchase and Sale Agreement and the

F0225001 - 1
320764512.2

F0219661 - 1

| Debtors: | Supor Properties Enterprises LLC, *et al.* |
|---|---|
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

Transaction Documents.

EE.     Given all of the circumstances of these Chapter 11 Cases and the adequacy and fair value of the Purchase Price under the Purchase and Sale Agreement, the proposed transfer of the Properties to the Purchaser or the Purchaser Designees, as applicable, constitutes a reasonable and sound exercise of the Sellers' business judgment, is in the best interests of the Sellers, their Estates, and their creditors, and should be approved.

FF.     The consummation of the Transactions is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105, 363 and 365 of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Transactions.

GG.     The Sale does not constitute a *de facto* plan of reorganization or liquidation or an element of such a plan for any of the Debtors, as it does not and does not propose to: (i) impair or restructure existing debt of, or equity interests in, the Debtors; (ii) impair or circumvent voting rights with respect to any plan proposed by the Debtors; (iii) circumvent chapter 11 plan safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code; or (iv) classify claims or equity interests, compromise controversies or extend debt maturities.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**General Provisions**

1.     The Transactions contemplated by the Purchase and Sale Agreement and the Transaction Documents are approved, as set forth in this Sale Order.

| | |
|---|---|
| Page 22 | |
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

2. This Court's findings of fact and conclusions of law set forth in the Sale Procedures Order are incorporated herein by reference.

3. All objections to Sale that have not been withdrawn, waived, resolved, or otherwise settled as set forth herein, as announced to this Court at the Sale Hearing or by stipulation filed with this Court, and all reservations of rights included therein, are hereby denied and overruled on the merits.

**Approval of Purchase and Sale Agreement; Binding Nature**

4. The Purchase and Sale Agreement and all of the terms and conditions thereof, are hereby approved as set forth herein.

5. The consideration provided by the Purchaser for the Properties under the Purchase and Sale Agreement is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value, fair value, and fair consideration under the Bankruptcy Code and any other Applicable Law, and the Transactions may not be avoided, or costs or damages imposed or awarded, under section 363(n) or any other provision of the Bankruptcy Code.

6. Pursuant to sections 363 and 365 of the Bankruptcy Code, the Sellers are authorized and empowered to, and shall, take any and all actions necessary or appropriate to (a) consummate the Sale and the other Transactions pursuant to and in accordance with the terms and conditions of the Purchase and Sale Agreement and the Transaction Documents, and (b) execute and deliver, perform under, consummate, implement, and take any and all other acts or actions as may be reasonably necessary or appropriate to the performance of their respective obligations as contemplated by the Purchase and Sale Agreement and the Transaction Documents, in each case

Debtors:            Supor Properties Enterprises LLC, *et al.*
Case No.:           24-13427 (SLM) (Jointly Administered)
Caption of Order:   Order (I) Approving the Sale of Assets Free and Clear of All Liens,
                    Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
                    Assignment of Certain Executory Contracts and Unexpired Leases, and
                    (III) Granting Related Relief

without further notice to or order of this Court. The Transactions authorized herein shall be of full force and effect, regardless of any Debtor's lack or purported lack of good standing in any jurisdiction in which such Debtor is formed or authorized to transact business.

7. This Sale Order shall be binding in all respects upon the Sellers, their Estates, all creditors, all holders of equity interests in any Debtor, all holders of any claim(s) (whether known or unknown) against any Debtor, any holders of liens, claims, encumbrances, and other Interests of any kind or nature whatsoever against, in or on all or any portion of the Properties, all non-Debtor parties to the Purchased Contracts, the Purchaser, the Purchaser Designees, and all successors and assigns of the foregoing, including, without limitation, any trustee, if any, subsequently appointed in these Chapter 11 Cases or upon a conversion to cases under chapter 7 under the Bankruptcy Code of any of these Chapter 11 Cases.

**Transfer of Properties Free and Clear of Interests; Injunction**

8. Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Sellers are authorized and directed to transfer the Properties, including but not limited to the Purchased Contracts, to the Purchaser or the Purchaser Designees, as applicable, on the Closing Date in accordance with the Purchase and Sale Agreement and Transaction Documents. Upon and as of the Closing Date, such transfer shall constitute a legal, valid, binding, effective and full and complete general assignment, conveyance and transfer of such Properties transferring good and marketable and indefeasible title and interest in the Properties to the Purchaser or Purchaser Designees, as applicable, and the Purchaser or the Purchaser Designees, as applicable, shall take title to and possession of such Properties free and clear of all liens, claims, encumbrances, and

Debtors:       Supor Properties Enterprises LLC, *et al.*
Case No.:      24-13427 (SLM) (Jointly Administered)
Caption of Order:   Order (I) Approving the Sale of Assets Free and Clear of All Liens,
                    Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
                    Assignment of Certain Executory Contracts and Unexpired Leases, and
                    (III) Granting Related Relief

other Interests of any kind or nature whatsoever, subject to paragraph 33 of this Sale Order and except as expressly set forth in the Purchase and Sale Agreement with respect to the Permitted Exceptions and Assumed Liabilities. For avoidance of doubt, the Sellers and Purchaser acknowledge that the "Easements", as defined in the Port Authority Objection, are Permitted Exceptions under the Purchase and Sale Agreement and Purchaser shall take title to the Properties subject to such Easements and nothing contained herein shall extinguish, discharge or modify such Easements.

9.      All such liens, claims, encumbrances, and/or other Interests shall automatically attach solely to the proceeds of the Sale with the same validity, priority, force, and effect that they now have as against the Properties, subject to any claims and defenses the Sellers and their Estates may possess with respect thereto. This Sale Order shall be effective as a determination that, on and as of the Closing, all liens, claims, encumbrances, and other Interests of any kind or nature whatsoever (except as expressly set forth in the Purchase and Sale Agreement with respect to the Permitted Exceptions and Assumed Liabilities) have been unconditionally released, discharged, and terminated in, on or against the Properties. The provisions of this Sale Order authorizing and approving the transfer of the Properties free and clear of liens, claims, encumbrances, and other Interests shall be self-executing, and neither the Sellers nor the Purchaser (or the Purchaser Designees) shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Sale Order.

10.      Except as expressly permitted by the Purchase and Sale Agreement or this Sale

Debtors: Supor Properties Enterprises LLC, *et al.*
Case No.: 24-13427 (SLM) (Jointly Administered)
Caption of Order: Order (I) Approving the Sale of Assets Free and Clear of All Liens,
Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
Assignment of Certain Executory Contracts and Unexpired Leases, and
(III) Granting Related Relief

Order, all Persons and entities holding liens, claims, encumbrances, or other Interests of any kind

or nature whatsoever (other than the Permitted Exceptions and Assumed Liabilities) are hereby

forever barred, estopped and permanently enjoined from asserting their respective liens, claims,

encumbrances, or other Interests against the Purchaser or any Purchaser Designees, any of their

respective Affiliates and subsidiaries, and any of their respective Representatives, and each of their

respective property and assets, including, without limitation, the Properties. On and after the

Closing Date, to the extent the holder of a lien, claim, encumbrance or other Interest does not

comply with paragraph 11 of this Sale Order, the Purchaser or the Purchaser Designees, as

applicable, shall be authorized to execute and file such documents, and to take all other actions as

may be necessary, on behalf of each holder of a lien, claim, encumbrance, or other Interest to

release, discharge and terminate such liens, claims, encumbrances, or other Interests in, on and

against the Properties as provided for herein, as such liens, claims, encumbrances, or other Interests

may have been recorded or may otherwise exist. On and after the Closing Date, and without

limiting the foregoing, to the extent the holder of a lien, claim, encumbrance or other Interest does

not comply with paragraph 11 of this Sale Order, the Purchaser and the Purchaser Designees shall

be authorized to file termination statements or lien terminations in any required jurisdiction to

remove any record, notice filing, or financing statement recorded to attach, perfect or otherwise

notice any lien, claim, encumbrance, or other Interest that is extinguished or otherwise released

pursuant to this Sale Order. This Sale Order constitutes authorization under all applicable

jurisdictions and versions of the Uniform Commercial Code for the Purchaser and the Purchaser

Designees to file, in accordance with the terms of this Sale Order, UCC termination statements

F0225001 - 1 F0219661 - 1
320764512.2

Debtors:          Supor Properties Enterprises LLC, *et al.*
Case No.:         24-13427 (SLM) (Jointly Administered)
Caption of Order: Order (I) Approving the Sale of Assets Free and Clear of All Liens,
                  Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
                  Assignment of Certain Executory Contracts and Unexpired Leases, and
                  (III) Granting Related Relief

with respect to all security interests in or liens on the Properties.

11.    On and after the Closing, each Person holding a lien, claim, encumbrance, or other Interest (other than a Permitted Exception or an Assumed Liability) shall execute such documents and take all other actions as may be reasonably necessary to release their respective liens, claims, encumbrances, or other Interests in the Properties, as such liens, claims, encumbrances, or other Interests may have been recorded or otherwise filed. At Closing, the Purchaser or the Purchaser Designees, as applicable, may, but shall not be required to, file a certified copy of this Sale Order in any filing or recording office in any federal, state, county or other jurisdiction in which any Debtor is incorporated or has real or personal property, or with any other appropriate clerk or recorded with any other appropriate recorder, and such filing or recording shall be accepted and shall be sufficient to release, discharge and terminate any of the liens, claims, encumbrances, or other Interests as set forth in this Sale Order as of the Closing Date. All Persons and entities that are in possession of any portion of the Properties on the Closing Date shall promptly surrender possession thereof to the Purchaser or the Purchaser Designees at the Closing.

At the written direction of the Sellers and the Purchaser (the "DILF Direction"), at Closing the DILF Holder shall execute, convey and deliver the deed (in recordable form), affidavit of title, affidavit of consideration and any other agreements, affidavits or documents as may be reasonably required by Sellers or Purchaser (the "DILF Transfer Documents") to the applicable DILF Property to: (a) the applicable Seller (for conveyance of the Property to the Purchaser or the Purchaser Designees at Closing), or (b) the Purchaser or the Purchaser Designees. Pursuant to section 1146(a) of the Bankruptcy Code, the DILF Transfer Documents shall not be subject to any stamp, real

F0225001 - 1                    F0219661 - 1
320764512.2

| Debtors: | Supor Properties Enterprises LLC, *et al.* |
|---|---|
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

estate transfer, mortgage recording, sales, or other similar tax. Other than real estate taxes[6] and municipal assessments, the conveyance of the deed(s) by the DILF Holder shall be free and clear of any liens, claims, encumbrances on the applicable DILF Properties recorded after the date of recording of the DILF by the DILF Holder ("DLIF Encumbrances"). Sellers shall maintain a claim against the DILF Holder for any such DILF Encumbrances, subject to any defenses of the DILF Holder. The DILF Direction may be issued after the entry of this Sale Order. Within five (5) days after its receipt of the DILF Direction, the DILF Holder shall execute, convey and deliver the DILF Transfer Documents to the Escrow Agent to be held in escrow pursuant to the Escrow Agreement.

12. The transfer of the Properties to the Purchaser or the Purchaser Designees pursuant to the Purchase and Sale Agreement and Transaction Documents does not require any consents other than specifically provided for in the Purchase and Sale Agreement.

13. This Sale Order is and shall be binding upon and govern the acts of all Persons and entities (including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, and secretaries of state, federal and local officials) who may be required by operation of law, the duties of their office, or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease. Each of the foregoing Persons and entities shall accept for filing any and all of the documents and instruments necessary and appropriate to release,

---

[6] As of October 1, 2024, the real estate taxes claimed by Harrison are $109,744.80 with per diem interest of $47.12.

Debtors: Supor Properties Enterprises LLC, *et al.*
Case No.: 24-13427 (SLM) (Jointly Administered)
Caption of Order: Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief

discharge and terminate any of the Interests or to otherwise consummate the Transactions contemplated by this Sale Order, the Purchase and Sale Agreement or any Transaction Document.

**Purchased Contracts and Cure Payments**

14. Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, and subject to and conditioned upon the Closing Date, the Sellers' assumption, and assignment and transfer to the Purchaser or Purchaser Designees, of the Purchased Contracts are hereby authorized and approved in full subject to the terms set forth below.[7] The Purchaser shall, on or prior to the Closing (or as soon thereafter as reasonably practicable), pay the Cure Amounts (or in the case of a dispute, the disputed amount escrowed with the Escrow Agent pursuant to the Escrow Agreement) and cure any and all other defaults and breaches under the Purchased Contracts so that such Contracts may be assumed by the Sellers and assigned to the Purchaser or Purchaser Designees, as applicable, on the Closing Date in accordance with this Sale Order, the Purchase and Sale Agreement, and the Transaction Documents.

15. Upon and as of the Closing, the Sellers are authorized and empowered to, and shall, assume, assign and/or transfer each of the Purchased Contracts to the Purchaser or the Purchaser

---

[7] If the Closing does not occur, the Purchased Contracts shall not be assumed, assigned and transferred to Purchaser. In such event, unless some or all of the Purchased Contracts are subject of (i) a then pending motion to this Court to assume and assign said Purchased Contacts, or (ii) a then pending request to the counter-party for its consent to assignment of said Purchased Contracts, then (iii) the Purchased Contracts shall be deemed rejected as of the date that is thirty-five (35) days after the termination of the Purchase and Sale Agreement (the "Purchased Contract Rejection Date"). Any Entity who has or asserts a Claim against the Sellers or their Estates by virtue of the rejection of Purchased Contract shall file a Claim with the Clerk of the Court within thirty (30) days after the effective rejection of Purchased Contract. If such Claim is not Filed by such date, it shall be forever barred from assertion against the Sellers or their Estates. Nothing herein shall affect the right of the Sellers or the Estates or other interested party to File an Objection to any Claim.

Debtors:        Supor Properties Enterprises LLC, *et al.*
Case No.:       24-13427 (SLM) (Jointly Administered)
Caption of Order:   Order (I) Approving the Sale of Assets Free and Clear of All Liens,
                    Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
                    Assignment of Certain Executory Contracts and Unexpired Leases, and
                    (III) Granting Related Relief

Designees, as applicable, free and clear of all liens, claims, encumbrances, and Interests, subject to paragraph 33 of this Sale Order and except as expressly set forth in the Purchase and Sale Agreement with respect to the Permitted Exceptions and Assumed Liabilities. The payment of the applicable Cure Amounts (if any), or the reservation by the Purchaser of an amount of cash that is equal to the difference between (i) the amount of any cure or other compensation asserted by the applicable Counterparty as required under section 365 of the Bankruptcy Code and (ii) the Cure Amount set forth on the applicable Assumption Notice for such Purchased Contract (such amount, the "**Alleged Cure Claim**") shall, pursuant to section 365 of the Bankruptcy Code and other applicable Law, (a) effect a cure, or provide adequate assurance of cure, of all defaults existing thereunder as of the Closing Date and (b) compensate, or provide adequate assurance of compensation, for any actual pecuniary loss to such non-Debtor party resulting from such default. Accordingly, on and as of the Closing Date, other than such payment or reservation, none of the Sellers, the Purchaser or the Purchaser Designees, as applicable, shall have any further liabilities or obligations to the non-Debtor parties to the Purchased Contracts with respect to, and the non-Debtor parties to the Purchased Contracts shall be forever enjoined and barred from seeking, any additional amounts or claims (as defined in section 101(5) of the Bankruptcy Code) that arose, accrued or were incurred at any time on or prior to the Closing Date on account of the Sellers' cure or compensation obligations arising under section 365 of the Bankruptcy Code. The Purchaser or the Purchaser Designees, as applicable, have provided adequate assurance of future performance under the relevant Purchased Contracts within the meaning of section 365(f) of the Bankruptcy Code.

| | |
|---|---|
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

16.     To the extent any provision in any Purchased Contract assumed or assumed and assigned (as applicable) pursuant to this Sale Order (including, without limitation, any "change of control" provision) (a) prohibits, restricts or conditions, or purports to prohibit, restrict or condition, such assumption or assignment, or (b) is modified, breached or terminated, or deemed modified, breached or terminated by any of the following: (i) the commencement of these Chapter 11 Cases, (ii) the insolvency or financial condition of any Debtor at any time before the closing of these Chapter 11 Cases, (iii) any Debtor's assumption or assumption and assignment (as applicable) of such Purchased Contract, or (iv) the consummation of the Transactions, then such provision shall be deemed modified so as to not entitle the non-Debtor party thereto to prohibit, restrict or condition such assumption or assignment, to modify or terminate such Purchased Contract, or to exercise any other default-related rights or remedies with respect thereto, including, without limitation, any such provision that purports to allow the non-Debtor party thereto to recapture such Purchased Contracts, impose any penalty thereunder, condition any renewal or extension thereof, impose any rent acceleration or assignment fee, or increase or otherwise impose any other fees or other charges in connection therewith. All such provisions constitute unenforceable anti-assignment provisions that are void and of no force and effect pursuant to sections 365(b), 365€ and 365(f) of the Bankruptcy Code.

17.     All requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Sellers and assignment to the Purchaser or the Purchaser Designees, as applicable, of the Purchased Contracts have been satisfied or will be as of Closing with respect to payment of Cure Costs. Upon the Closing, in accordance with sections 363 and 365

Debtors: Supor Properties Enterprises LLC, *et al.*
Case No.: 24-13427 (SLM) (Jointly Administered)
Caption of Order: Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief

---

of the Bankruptcy Code, the Purchaser or the Purchaser Designees, as applicable, shall be fully and irrevocably vested with all right, title and interest of the Sellers in and under the Purchased Contracts, and each Purchased Contract shall be fully enforceable by the Purchaser or the Purchaser Designees, as applicable, in accordance with its respective terms and conditions, except as limited or modified by the provisions of this Sale Order. Upon and as of the Closing, the Purchaser or the Purchaser Designees, as applicable, shall be deemed to be substituted for the Sellers as a party to the applicable Purchased Contracts and, accordingly, the Sellers shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Purchased Contracts.

18. Upon the payment of the applicable Cure Amount or reservation of the Alleged Cure Claim, if any, the Purchased Contracts will remain in full force and effect, and no default shall exist, or be deemed to exist, under the Purchased Contracts as of the Closing Date nor shall there exist, or be deemed to exist, any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default.

19. The rights of the Purchaser to modify the list of the Purchased Contracts after the date of this Sale Order as set forth in the Purchase and Sale Agreement, are hereby approved. Moreover, with respect to any Contract which is not an Purchased Contract on the Closing Date and provided such Contract has not been rejected by Sellers after the Closing Date pursuant to section 365 of the Bankruptcy Code, upon written notice(s) from the Purchaser to the Sellers given at any time after the Closing Date, the Sellers are hereby authorized to take all actions reasonably necessary to assume and assign to the Purchaser or the Purchaser Designees pursuant to section

| | |
|---|---|
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

365 of the Bankruptcy Code any such Contract(s) as set forth in such notice(s); *provided* that any Cure Amount applicable thereto shall be satisfied solely by the Purchaser. Notwithstanding anything in this Sale Order to the contrary, on the date any such Contract is assumed and assigned to Purchaser or Purchaser Designee, such Contract shall thereafter be deemed a Purchased Contract for all purposes under this Sale Order and the Purchase and Sale Agreement.

20.     All non-Debtor counterparties to the Purchased Contracts shall be deemed to have consented to such assumption and assignment under section 365(c)(1)(B) of the Bankruptcy Code and the Purchaser or Purchaser Designee shall enjoy all of the Sellers' rights, benefits and privileges under each such Purchased Contract as of the applicable date of assumption and assignment without the necessity to obtain any non-Debtor parties' written consent to the assumption or assignment thereof.  For avoidance of doubt, (i) the Harrison Objection is withdrawn (ii) Harrison Redevelopment Agency has consented to such assumption and assignment of that certain Amended and Restated Redevelopment Agreement (the "**RDA**") between Supor Properties Enterprises, J Supor 136-1 Realty, and Supor172 Realty LLC and Harrison Redevelopment Authority dated February 24, 2021 under section 365(c)(1)(B) of the Bankruptcy Code and section 12.02B of the RDA, and (iii) the RDA is a Purchased Contract under the Purchase and Sale Agreement.

21.     Nothing in this Sale Order, the Sales Procedures Motion, or in any notice or any other document is or shall be deemed an admission by the Sellers or the Purchaser that any Purchased Contract is an executory contract or unexpired lease under section 365 of the Bankruptcy Code.

Debtors: Supor Properties Enterprises LLC, *et al.*
Case No.: 24-13427 (SLM) (Jointly Administered)
Caption of Order: Order (I) Approving the Sale of Assets Free and Clear of All Liens,
Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
Assignment of Certain Executory Contracts and Unexpired Leases, and
(III) Granting Related Relief

22. The failure of the Sellers, the Purchaser, or the Purchaser Designee, as applicable, to enforce at any time one or more terms or conditions of any Purchased Contract shall not be a waiver of such terms or conditions, or of its respective rights to enforce every term and condition of the Purchased Contracts.

**Additional Injunction; No Successor Liability**

23. Effective upon the Closing Date and except as expressly set forth in the Purchase and Sale Agreement and the Transaction Documents with respect to the Permitted Exceptions and Assumed Liabilities, all Persons and entities are forever prohibited and permanently enjoined from (i) commencing or continuing in any manner any action or other proceeding, the employment of process, or any act (whether in law or equity, in any judicial, administrative, arbitral or other proceeding), to collect, recover or offset any Interest; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order with respect to a lien, claim, encumbrance, or Interest, (iii) creating, perfecting or enforcing any Interest, or (iv) asserting any setoff, right of subrogation or recoupment of any kind with respect to an Interest, in each case as against the Purchaser, the Purchaser Designees, any of their respective Affiliates or subsidiaries, or any of their respective Representatives, or any of their respective property or assets, including the Properties.

24. The Transactions contemplated by the Purchase and Sale Agreement and the Transaction Documents do not cause there to be, and there is not (i) a consolidation, merger, or *de facto* merger of the Purchaser or any Purchaser Designee, on the one hand, with or into the Sellers or the Sellers' Estates, on the other hand, or vice versa; (ii) a substantial continuity between the

F0225001 - 1                                    F0219661 - 1
320764512.2

| | |
|---|---|
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

Purchaser or Purchaser Designee, on the one hand, and the Sellers or the Sellers' Estates, on the other hand, (iii) a common identity between the Purchaser or any Purchaser Designee, on the one hand, and the Sellers or the Sellers' Estates, on the other hand, or (iv) a mere continuation of the Sellers or their Estates, on the one hand, with the Purchaser or any Purchaser Designee, on the other hand.

25.     Except as expressly set forth in the Purchase and Sale Agreement with respect to the Permitted Exceptions and Assumed Liabilities, the transfer of the Properties, including, without limitation, the assumption, assignment and transfer of any Purchased Contract, to the Purchaser or any Purchaser Designee shall not cause or result in, or be deemed to cause or result in, the Purchaser, any Purchaser Designee, any of their respective Affiliates or subsidiaries, or any of their respective Representatives, having any liability, obligation, or responsibility for, or any Properties being subject to or being recourse for, any lien, claim, encumbrance, or Interest arising prior to the Closing whatsoever, whether arising under any doctrines of successor, transferee or vicarious liability, breach of fiduciary duty, aiding or abetting breach of fiduciary duty or otherwise, whether at Law or in equity, directly or indirectly, and whether by payment, setoff, recoupment, or otherwise.

26.     For the avoidance of doubt, notwithstanding the consummation of the Transactions and the employment by the Purchaser or Purchaser Designee of certain Persons previously employed by the Sellers, if any, (i) the Purchaser and the Purchaser Designees shall not have any obligations or liabilities to any employee of the Sellers or in respect of any employee benefits owing to any employee of the Sellers by the Sellers or by any plan or program administered by the

| | |
|---|---|
| Page 35 | |
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

Sellers or for the benefit of the Sellers' employees, and (ii) any obligations of the Purchaser and the Purchaser Designees to any such Person shall be expressly limited to (i) those obligations expressly agreed upon by the Purchaser or the Purchaser Designees (if any) with such Person, and (ii) those obligations explicitly assumed by the Purchaser or the Purchaser Designees (if any) under the Purchase and Sale Agreement.

### Good Faith

27.    The Transactions contemplated by this Sale Order, the Purchase and Sale Agreement and Transaction Documents are undertaken by the Purchaser and the Purchaser Designees without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale and other Transactions shall not alter, affect, limit, or otherwise impair the validity of the Sale or such other Transactions (including the assumption, assignment and/or transfer of the Purchased Contracts), unless such authorization and consummation are duly stayed pending such appeal. Each of the Purchaser and the Purchaser Designees is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to, and hereby granted, the full rights, benefits, privileges and protections of section 363(m) of the Bankruptcy Code.

### Other Provisions

28.    The Purchaser is hereby authorized, in its discretion, in connection with consummation of the Transactions to allocate the Properties, Assumed Liabilities, and Purchased Contracts among its Affiliates, subsidiaries, designees, assignees, and/or successors in a manner

Debtors: Supor Properties Enterprises LLC, *et al.*
Case No.: 24-13427 (SLM) (Jointly Administered)
Caption of Order: Order (I) Approving the Sale of Assets Free and Clear of All Liens,
Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
Assignment of Certain Executory Contracts and Unexpired Leases, and
(III) Granting Related Relief

as it, in its discretion, deems appropriate and such Person shall be entitled to all of the rights, benefits, privileges and protections of the Purchaser as are accorded to the Purchaser under this Sale Order, and the Sellers shall, to the extent set forth in the Purchase and Sale Agreement and Transaction Documents, cooperate with and take all actions reasonably requested by Purchaser to effectuate any of the foregoing. If the Purchaser designates any Purchaser Designee to acquire any Property or Properties, including, without limitation, any Purchased Contracts, then any reference to the "Purchaser" in this Sale Order shall be deemed to be a reference to "the Purchaser and/or such applicable Purchaser Designee," unless the context requires otherwise. Upon the transfer of any Property or Purchased Contract to, or the assumption of any Assumed Liability by, a Purchaser Designee, such Purchaser Designee shall be solely responsible for such Property, Assumed Liability, or Purchased Contract (including performance thereunder), as applicable.

29. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) these Chapter 11 Cases, (b) any subsequent chapter 7 case into which any such Chapter 11 Case may be converted, or (c) any related proceeding subsequent to entry of this Sale Order, shall conflict with or derogate from the provisions of the Purchase and Sale Agreement or the terms of this Sale Order. To the extent of any such conflict or derogation, the terms of this Sale Order shall govern.

30. Pursuant to Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014, this Sale Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the stays provided in Bankruptcy Rules 6004(h) and 6006(d) are hereby expressly waived and shall not apply. Accordingly, the Sellers are authorized and empowered to close the

Debtors:           Supor Properties Enterprises LLC, *et al.*
Case No.:          24-13427 (SLM) (Jointly Administered)
Caption of Order:  Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief

---

Sale and other Transactions immediately upon entry of this Sale Order.

31.     Nothing in this Sale Order shall modify or waive any closing conditions or termination rights in the Purchase and Sale Agreement, and all such conditions and rights shall remain in full force and effect in accordance with their terms.

32.     No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Transactions.

33.     (a)     Article VII G 9 of the Plan is applicable to the Closing and Transactions approved by this Sale Order:

9.     *At the closing of each Sale Transaction of a Debtor Property, as approved by the Bankruptcy Court, the applicable Lender shall release and discharge all of its mortgage(s) and liens on such Debtor Property in exchange for payment of the net sale proceeds, up to the outstanding amount of the Lender's Allowed Secured Claim on such Debtor Property, as applicable, after payment or deduction from such sale proceeds of the following, and in the following priority:*

(a)     *the outstanding amounts of any Allowed Secured Claim of Governmental Unit on the subject Debtor Property that is senior in priority to the Lender's Allowed Secured Claim on such Debtor Property pursuant to applicable non-bankruptcy law, including real estate taxes and municipal assessments, if any; and*

(b)     *a voluntary carve-out by the applicable Lender (the "Sale Transaction Carveout") in the amount of:*

(i)     *the customary costs of sale of the applicable Debtor Property;*

(ii)    *any commission(s) payable by Debtor pursuant to the Broker Retention Agreement(s);*

(iii)   *all fees and charges assessed against the applicable Debtor Estates' pursuant to section 1930 of chapter 123 of title 28 of the United States Code attributable to the sale of such Debtor Property and all amounts due to the Office of the United States Trustee attributable to the sale of such Debtor Property;*

Debtors:                Supor Properties Enterprises LLC, *et al.*
Case No.:              24-13427 (SLM) (Jointly Administered)
Caption of Order:   Order (I) Approving the Sale of Assets Free and Clear of All Liens,
                          Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
                          Assignment of Certain Executory Contracts and Unexpired Leases, and
                          (III) Granting Related Relief

(iv)    *the amount of estimated accrued but unpaid Professional Fees incurred by the legal counsel and other advisors to the Debtors and any statutory committees related primarily to the sale of such Debtor Property (the "Sale Related Professional Fees"); and*

(v)     *the amount of Bankruptcy Court approved, accrued but unpaid professional fees incurred by the legal counsel and other advisors to the Debtors and any statutory committees during the Bankruptcy Cases up to the date of the applicable sale, plus the amount necessary to fund a wind down budget as agreed by the parties in accordance with and as limited by, the terms of the Sale Transaction Documentation and Plan  not inclusive of the Sale Related Professional Fees (the "Wind-Down Reserve" and, together with the Sale Related Professional Fees, the "Sale Transaction Professional Fee Carve-out") .  The parties may choose to provide for the funding of the Wind Down Reserve by establishing a Wind Down Reserve Escrow Account*

(c)     *The Sale Transaction Professional Fee Carve-out as to each Debtor Property shall be the actual reasonable and necessary professional fees then incurred and approved by the Bankruptcy Court by the Debtors' duly retained professionals (exclusive of the real estate broker) in connection with or related to an actual or potential sale transaction of said Debtor Property subject to the following limits.*

*The amount of the Sale Transaction Professional Carve-out for professional fees shall be based on the net proceeds received by Lender, credited to Lender's claim, or otherwise allocated to said Debtor Property, before consideration of the Sale Transaction Professional Fee Carve-Out (the "Net Proceeds") and, in the absence of Lender's written consent, shall not exceed:*

(i)     *the lesser or 7.5% of the Net Proceeds or $150,000 for a Debtor Property (or Sanford Property) with Net Proceeds of less than $10 million, with a maximum of $100,000 for any property transferred to Lender or an affiliate pursuant to a credit bid;*

(ii)    *the lesser or 2.25% of the Net Proceeds or $350,000 of Net Proceeds for a Debtor Property (or Sanford Property) with Net Proceeds between $10- $20 million, with a maximum of $200,000 for any property transferred to Lender or an affiliate pursuant to a credit bid;*

(iii)   *the lesser or 2% of the Net Proceeds or $500,000 for a Debtor Property (or Sanford Property) with Net Proceeds between $20-30 million, with a maximum of $275,000 for any property transferred to Lender or an affiliate pursuant to a credit bid; and*

Debtors:         Supor Properties Enterprises LLC, *et al.*
Case No.:        24-13427 (SLM) (Jointly Administered)
Caption of Order: Order (I) Approving the Sale of Assets Free and Clear of All Liens,
                 Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
                 Assignment of Certain Executory Contracts and Unexpired Leases, and
                 (III) Granting Related Relief

---

(iv)    *the lesser or 2% of the Net Proceeds or $525,000 for a Debtor Property (or Sanford Property) with Net Proceeds over $30-40 million, with a maximum of $325,000 for any property transferred to Lender or an affiliate pursuant to a credit bid;* [8]

(d)    *The Sale Transaction Carve-Out shall be payable by Lender in the event that Lender is the Purchaser of a Debtor Property, via credit bid or otherwise, in the discounted amounts set forth in subsection I, above and based on the greater of (i) the Minimum Credit to the Amount of Lenders' Allowed Claim for each of the Debtor Properties as may be agreed to by Lenders and the Debtor Parties, or (ii) the amount of any actual credit bid.*

(e)    *The Sale Transaction Carve-Out amounts, and any carve-out of Lenders in the Cash Collateral Order, shall not reduce the amount of the Lenders' Allowed Claims.*

(f)    *Payment of the Sale Transaction Professional Fee Carve-Outs to the retained professionals from the respective bankruptcy estates shall be subject to award and approval of the United States Bankruptcy Court consistent with the professional fee procedures, if any, established by the Court in the Bankruptcy Cases. Payment of the Sale Transaction Professional Fee Carve-Out on the Sanford Property shall not be subject to Bankruptcy Court approval as the property owner is not a Debtor herein and any applicable carve-out shall be paid out as set forth in Schedule I to the professionals from the proceeds at closing.*

(b)    The outstanding amounts of any Allowed Secured Claim of Governmental Unit (as

---

[8] *The above parameters are applicable only to the Sale Transaction Professional Fee Carve-Out for the Debtors' retained professionals (exclusive of any real estate broker). Nothing in these limitations on the Sale Transaction Professional Fee Carve-outs shall reduce, compromise or modify the Line-Item carve outs provided for in the Debtors Cash collateral budget, nor shall it apply to sums otherwise carved out under Section 10.8(b) of the RSA including customary costs of sale, brokerage commission(s), and sums due to the Office of the United States Trustee or Clerk of the Bankruptcy Court.*

*The Sale Transaction Professional Fee Carve-Out limitations set forth herein are without prejudice to the ability and/or entitlement of the professionals to be paid from estate proceeds to the extent such proceeds may be available. These limitations shall likewise not apply to the transaction involving the last of the Debtor Properties to be sold, in which case the carve-out shall be sufficient to pay (i) the sale-transaction carve out from that transaction; and (ii) the amount necessary to fund the post-sale transaction Wind-Down Budget in the amount and manner as agreed by the parties."*

F0225001 - 1                    F0219661 - 1
320764512.2

Debtors:              Supor Properties Enterprises LLC, *et al.*
Case No.:             24-13427 (SLM) (Jointly Administered)
Caption of Order:     Order (I) Approving the Sale of Assets Free and Clear of All Liens,
                      Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
                      Assignment of Certain Executory Contracts and Unexpired Leases, and
                      (III) Granting Related Relief

defined in the Plan) on the FER 1 Property, FER 2 Property and/or FER 3 Property shall be paid at Closing by the Purchaser or Escrow Agent, as applicable, to the Holder (as defined in the Plan) of such Allowed Secured Claim of Governmental Unit. Distributions may be made on account of an undisputed portion of a Disputed Claim (as defined in the Plan), and the disputed portion shall be held by the applicable Seller/Debtor pursuant to the Plan.

(c)     For purposes of calculating the Sale Transaction Professional Carve-out, the FER 1 Property, FER 2 Property and FER 3 Property are each a separate "Debtor Property" (as defined in the Plan), each rendering separate "Net Proceeds" (as defined in the Plan) as determined from the allocation of the Purchase Price set forth in the Purchase and Sale Agreement. The full amount of the Sale Transaction Professional Carve-out shall be held by the Escrow Agent pursuant to the Escrow Agreement subject to disbursement pursuant to separate Bankruptcy Court Order(s).

(d)     At Closing, the Purchaser or Escrow Agent, as applicable, shall transfer directly to the applicable Lender(s), by wire transfer (pursuant to wire instructions to be provided by the Lender prior to the Closing Date), all of the Net Proceeds from the sale approved by this Sale Order, up to the amount of the Lender's Allowed Secured Claim (as defined in the Plan) on the Properties. At Closing, the applicable Lender(s) shall release and discharge all its/their liens, claims, encumbrances, mortgage(s) and Interests on each of the Properties in exchange for payment of all of the Net Proceeds from the sale approved by this Sale Order, up to the amount of the Lender's Allowed Secured Claim on the Properties.

34.     Notwithstanding paragraph 37 of this Sale Order, pursuant to section 1146(a) of the Bankruptcy Code, the Sale and all Transactions contemplated under the Purchase and Sale

Page 41
Debtors:        Supor Properties Enterprises LLC, *et al.*
Case No.:       24-13427 (SLM) (Jointly Administered)
Caption of Order:   Order (I) Approving the Sale of Assets Free and Clear of All Liens,
                Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and
                Assignment of Certain Executory Contracts and Unexpired Leases, and
                (III) Granting Related Relief

Agreement shall be deemed to have been made under, in furtherance of, or in connection with the Plan and, therefore, shall not be subject to any stamp, real estate transfer, mortgage recording, sales, or other similar tax.

35.     The failure specifically to include any particular provision of the Purchase and Sale Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Purchase and Sale Agreement be authorized and approved in its entirety.

36.     The Purchase and Sale Agreement and Transaction Documents may be modified, amended or supplemented in a writing signed by the parties thereto and in accordance with the terms thereof, without further notice to or order of this Court, provided that any such modification, amendment or supplement shall not have a material adverse effect on the Debtors' Estates unless approved by order of this Court.

37.     Subject to paragraph 29 of this Sale Order and the consent of Debtors', Purchaser and Lender, the Sale may be consummated through a confirmed Plan.

38.     This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b), to, among other things, (i) interpret, implement, and enforce the terms and provisions of this Sale Order, the Purchase and Sale Agreement, the Transaction Documents, and any amendments thereto and any waivers and consents given thereunder, (ii) compel delivery of the Properties to the Purchaser or Purchaser Designees; (iii) enforce the injunctions and limitations of liability set forth in this Sale Order, and (iv) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect to the Purchased Contracts.

| | |
|---|---|
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

39.     All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

40.     The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the provisions of this Sale Order and the terms and conditions of the Purchase and Sale Agreement and the Transaction Documents.

41.     To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Sales Procedures Motion, the terms of this Sale Order shall govern. To the extent there are any inconsistencies between the terms of this Sale Order or the Sale Procedures Order, on the one hand, and the Purchase and Sale Agreement or any Transaction Document, on the other hand, the terms of this Sale Order and the Sale Procedures Order shall govern, as applicable.

42.     The Debtors' real estate broker, CBRE, Inc. ("**CBRE**") is awarded compensation in the amount of $480,000 (the "**Buyer's Premium**") calculated by multiplying the gross sales price for the Property by one percent (1.00%).  In addition to the Purchase Price, at or prior to the Closing the Purchaser shall pay the Buyer's Premium to the Escrow Agent, and the Escrow Agent shall pay the Buyer's Premium to CBRE at Closing without further order of the Court consistent with Local Rule 2016-(1)(d), the Debtors' motion to retain CBRE in this matter [Doc. No. 24], and the Court's Order authorizing the Debtors' retention of CBRE as their real estate broker [Doc. No. 53].  The payment of the Buyer's Premium to CBRE as provided for herein shall be in full and final satisfaction of all claims by CBRE related to the Properties and the sale of the Properties and Seller shall not be responsible for any fees to CBRE or any other broker in connection with the

| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| --- | --- |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

sale.

43.     Subject to and contingent upon payment of the Extension Fee Fund (defined below) as and when set forth below, and subject to Paragraph 44 of this Order, Sellers and Purchaser acknowledge and agree to the following amendments to the Purchase and Sale Agreement (the "**PSA Amendments**"):

(i)      Section 3.2.1 of the Purchase and Sale Agreement is amended to add the following at the conclusion of the existing text of Section 3.2.1:

*Prior to 5:00 pm eastern time on Monday, November 4, 2024, Purchaser shall deposit with Escrow Agent the sum which is equal to an additional $1,200,000.00 (the "Additional Earnest Money Deposit") and shall provide proof of same to Sellers upon funding the Additional Earnest Money Deposit. The Additional Earnest Money Deposit shall be held by Escrow Agent in escrow as earnest money pursuant to the Earnest Money Escrow Agreement. The Additional Earnest Money Deposit shall be maintained by the Escrow Agent as to comply with the requirements of the Bankruptcy Court and the Sale Procedures Order. The Earnest Money Deposit shall be nonrefundable to Purchaser. Payment of the Additional Earnest Money Deposit is TIME OF THE ESSENCE. Should Purchaser fail to make the Additional Earnest Money Deposit prior to 5:00 pm eastern time on November 4, 2024, (i) the Purchase Price shall automatically increase to Fifty Million Dollars ($50,000,000) without any further notice or action of Sellers (the "Increased Purchase Price"); and (ii) the Earnest Money Deposit of Four Million Eight Hundred Thousand Dollars ($4,800,000) shall be immediately released by Escrow Agent to Sellers and either (a) retained by Sellers as liquidated damages pursuant to Section 12.13.1 if this Agreement is terminated pursuant to Section 12.2, or (b) applied to the Purchase Price at Closing.  Imposition of the Increased Purchase Price shall be without waiver or prejudice to any other rights and remedies of Sellers under the Agreement.  The Additional Earnest Money Deposit and the Earnest Money Deposit are hereafter collectively referred to as the "Earnest Money Deposit".*

(ii)     Section 10.1 of the Purchase and Sale Agreement is deleted in its entirety and replaced with the following:

**10.1** *Closing Date. The closing of the transaction described in this Agreement (the "Closing") shall occur on November 25, 2024, or such earlier date as agreed to in writing between Sellers and Purchaser (the date on which the Closing occurs is referred to herein as the "Closing Date").*

*Solely in exchange for Sellers' agreement to extend the Closing Date as set forth above, beginning October 11, 2024, and continuing on a daily basis until the Closing Date, Purchaser shall pay*

| Page 44 | |
|---|---|
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

Sellers the sum of $32,000 (the "Extension Fee"). To fund such Extension Fee, prior to 3:00 pm eastern time on Tuesday, October 8, 2024, Purchaser shall deliver by wire transfer the sum of $1,440,000 to the Trust Account of Lender's attorney Kriss & Feuerstein LLP, representing the sum of $32,000 from October 11, 2024 to November 25, 2024 (the "Extension Fee Fund") and shall provide proof of same to Sellers upon funding the Extension Fee Fund. Payment of the Extension Fee Fund is TIME OF THE ESSENCE.

The Extension Fee Fund shall be nonrefundable to Purchaser.

The Extension Fee Fund may be disbursed from escrow by Kriss & Feuerstein LLP to Lenders and credited by Lenders against Lenders' Allowed Secured Claim (as defined in the Sellers' First Amended Plan of Liquidation or Reorganization), subject to a Purchase Price adjustment described below. If the Closing occurs prior to November 25, 2024, then the portion of the Extension Fee Fund that is payable after the Closing Date (and through November 25, 2024) shall be credited against the Purchase Price. For example, if the Extension Fee Fund is fully funded by Purchaser and the Closing occurs on November 24, 2024, then $1,408,000 of the Extension Fee Fund would be retained by Lenders at Closing and credited by Lenders against Lenders' Allowed Secured Claim (as defined in the Sellers' First Amended Plan of Liquidation or Reorganization) and $32,000 would be credited against the Purchase Price and credited by Lenders against Lenders' Allowed Secured Claim.

If the Purchase and Sale Agreement is terminated as a result of a Purchaser Default, the entire Extension Fee Fund shall be retained by Lenders and credited by Lenders against Lenders' Allowed Secured Claim, for the benefit of Sellers, and as partial damages of such Purchaser Default as set forth in Section 12.3.

(iii)    Section 12.3 of the Purchase and Sale Agreement is deleted in its entirety and replaced with the following:

**12.3** LIQUIDATED DAMAGES.

12.13.1 THE PARTIES ACKNOWLEDGE AND AGREE THAT IF THIS AGREEMENT IS TERMINATED PURSUANT TO SECTION 12.2 HEREOF, THE DAMAGES THAT SELLERS WOULD SUSTAIN AS A RESULT OF SUCH TERMINATION WOULD BE DIFFICULT, IF NOT IMPOSSIBLE, TO ASCERTAIN. ACCORDINGLY, EXCEPT AS OTHERWISE SPECIALLY STATED, THE PARTIES AGREE THAT SELLERS SHALL RETAIN THE EARNEST MONEY DEPOSIT (INCLUDING THE ADDITIONAL EARNEST MONTY DEPOSIT), AND THE EXTENSION FEE FUND AS A FAIR AND REASONABLE SUM AND AS FAIR MEASURE OF DAMAGES, AS LIQUIDATED DAMAGES (AND NOT AS A PENALTY) AS SELLERS' SOLE AND EXCLUSIVE REMEDY FOR SUCH TERMINATION. NOTWITHSTANDING THE FOREGOING, THE REMEDY OF LIQUIDATED DAMAGES SHALL NOT LIMIT, AND SHALL NOT BE

| | |
|---|---|
| Debtors: | Supor Properties Enterprises LLC, *et al.* |
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

*DEEMED TO LIMIT, IN ANY WAY THE RIGHTS AND REMEDIES AVAILABLE TO SELLERS WHICH SURVIVE TERMINATION OF THIS AGREEMENT.*

*12.13.2 Notwithstanding anything in Section 12.13.1, if this Agreement is terminated pursuant to Section 12.2 hereof, Purchaser shall indemnify Sellers and their bankruptcy estates, and hold each of them harmless against, any and all losses, liabilities, claims, damages or expenses incurred by any of them arising out of or by reason of any investigation or litigation or other proceedings (including any threatened investigation or of the proceedings) relating to any such claims made by any party, including the Town of Harrison and Harrison Redevelopment Agency, related to the RDA, including, without limitation, the reasonable fees and disbursements of counsel incurred in connection with any such investigation or litigation or other proceedings.*

(iv)      All contingencies contained in the Purchase and Sale Agreement, including the contingency for assignment of the RDA to Purchaser and any termination rights of Purchaser set forth in Sections 5.3, 5.4, 13.1.1, 13.2.1 under the Purchase and Sale Agreement, are deemed satisfied.

(v)      Notwithstanding anything to the contrary in the Purchase and Sale Agreement, the Earnest Money Deposit is non-refundable to Purchaser.

44.      If the full amount of the Extension Fee Fund is not paid by Purchaser as and when set forth in Paragraph 43 (ii) of this Order, then

(i)      Sellers' conditional agreement to the PSA Amendments shall be automatically void, ineffective and unilaterally terminated by Sellers without further notice or action by Sellers;

(ii)      The PSA Amendments shall be automatically void, ineffective and unilaterally terminated without further Order of this Court;

(iii)      The Purchase and Sale Agreement attached at Exhibit A to the Motion, and approved by this Sale Order shall be unmodified except for the following:

*Section 10.1 of the Purchase and Sale Agreement is deleted in its entirety and replaced with the following:*

| Debtors: | Supor Properties Enterprises LLC, *et al.* |
|---|---|
| Case No.: | 24-13427 (SLM) (Jointly Administered) |
| Caption of Order: | Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief |

**10.1** *Closing Date. The closing of the transaction described in this Agreement (the "Closing") shall occur on the date which is no later than seven (7) days following the entry of the Sale Order, or such other date as agreed to in writing between Sellers and Purchaser (the date on which the Closing occurs is referred to herein as the "Closing Date").*

45. If the Purchase and Sale Agreement is terminated pursuant to Section 12.2 thereof, all claims, if any, alleged by the Town of Harrison or the Harrison Redevelopment Agency as a result of a Purchaser Default under the Purchase and Sale Agreement, including any claims arising from a breach of the RDA after the entry of this Order shall be claims solely against the Purchaser and shall not be claims against the Earnest Money Deposit, the Sellers, the Debtors, or the Debtors' Estates. Purchaser shall indemnify Sellers and their bankruptcy estates for any such claims by the Town of Harrison or the Harrison Redevelopment Agency as set forth in Section 12.13.2 of the Purchase and Sale Agreement.

46. The Properties defined and subject to the Purchase and Sale Agreement (FER 1 Property, FER 2 Property and FER 3 Property) comprise three separate parcels of real estate as described in the Purchase and Sale Agreement. The Purchase and Sale Agreement includes the following Purchase Price allocations for the Properties in Schedule 4: (i) 1000 Frank E Rodgers Boulevard, Harrison New Jersey (lot 5.02 in block 151, lot 17.02 in block 137 and lot 1.02 in block 149) (FER 1 Property) --$24,000,000; (ii) 1000 Frank E Rodgers Boulevard, Harrison New Jersey (lot 1.07 in block 136) (FER 2 Property) -- $9,600,000; and (iii) 1000 Frank E Rodgers Boulevard, Harrison New Jersey (lot 1 in block 172) (FER 3 Property) -- $14,400,00. Based on these allocations, in furtherance of Paragraph 33 above, pursuant to the Restructuring Support Agreement, the Sale Transaction Professional Fee Carve-Out under the Purchase and Sale Agreement is $954,000.