# <u>EXHIBIT Q</u>

### FOURTH AMENDMENT TO PURCHASE AND SALE AGREEMENT

**THIS FOURTH AMENDMENT TO PURCHASE AND SALE AGREEMENT** (this "Amendment" or "Fourth Amended PSA") is made and entered into as of March ▊▊, 2025 by and between (i) Supor Properties Enterprises LLC; J Supor 136-1 Realty LLC; and Supor-172 Realty LLC (each referred to as a "Seller" and collectively as the "Sellers"), and (ii) H Capital Holdings, LLC ("Purchaser"). Sellers and Purchaser are each referred to as a "Party" and collectively as the "Parties".

### Recitals

**WHEREAS**, Sellers and Purchaser are parties to that certain Purchase and Sale Agreement made and entered into as of August 15, 2024 (the "PSA"). A true and complete copy of the PSA is attached at **Schedule "A"** hereto.

**WHEREAS**, pursuant to the terms of the PSA, Sellers agreed to sell and Purchaser agreed to buy properties commonly known as 1000 Frank E Rodgers Boulevard, Harrison New Jersey (lot 5.02 in block 151, lot 17.02 in block 137 and lot 1.02 in block 149) ("FER 1 Property"); 1000 Frank E Rodgers Boulevard, Harrison New Jersey (lot 1.07 in block 136) ("FER 2 Property"); and 1000 Frank E Rodgers Boulevard, Harrison New Jersey (lot 1 in block 172) ("FER 3 Property"), in the Town of Harrison, County of Hudson and State of New Jersey. FER 1 Property, FER 2 Property and FER 3 Property are collectively referred to as the "FER Properties."

**WHEREAS**, pursuant to the *Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief*, dated October 7, 2024, ECF #279, (the "Sale Order"), the PSA was amended, approved and authorized. A true and complete copy of the Sale Order is attached at **Schedule "B"** hereto.

**WHEREAS**, Sellers and Purchaser are parties to that certain Amendment to Purchase and Sale Agreement made and entered into as of November 25, 2024 (the "Second Amended PSA"). A true and complete copy of the Second Amended PSA is attached at **Schedule "C"** hereto.

**WHEREAS,** Sellers and Purchaser are parties to that certain Third Amendment to Purchase and Sale Agreement made and entered into as of January 6, 2025 (the "Third Amended PSA"). A true and complete copy of the Third Amended PSA is attached at **Schedule "D"** hereto.

**WHEREAS,** among other things, the Third Amended PSA provides that the Closing ". . . shall occur on January 21, 2025, TIME OF THE ESSENCE, or such earlier date as agreed to in writing between Sellers and Purchaser (the date on which the Closing occurs is referred to herein as the "Closing Date")."

**WHEREAS,** the Third Amended PSA also provides:

Additionally, Purchaser shall deposit an additional sum of $2,407,500.00 with the Escrow Agent on or before January 13, 2025 (the "Second Additional Earnest Money Deposit"). If the Second Additional Earnest Money Deposit is not delivered by January 13, 2025, it shall be deemed a Purchaser's Default under the PSA.

**WHEREAS,** Purchaser (i) did not deposit the Second Additional Earnest Money Deposit with the Escrow Agent on or before January 13, 2025, or at any time since, and (ii) did not close the transaction on January 21, 2025, or at any time since.

<u>Agreement</u>

**NOW, THEREFORE**, in consideration of the terms, conditions, representations, promises, and covenants set forth in this Amendment and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Sellers and Purchaser hereby agree as follows:

1.      **<u>Incorporation by Reference</u>**. The statements and representations set forth in the Recitals above are fully affirmed by Sellers and Purchaser and incorporated herein with the same force and effect as if restated hereby.

2.      **<u>Definitions</u>**. To the extent terms used herein are not otherwise defined to the contrary, all defined terms used in this Amendment shall have the respective meaning ascribed to them in the PSA and Sale Order.

3.      **<u>Acknowledgement and Affirmation</u>**. Unless <u>specifically</u> set forth herein, nothing contained herein shall be deemed to modify, nullify, discharge, or extinguish the obligations of Sellers or Purchaser under the PSA, Sale Order, Second Amended PSA or Third Amended PSA. Except as may be <u>specifically</u> set forth herein, the terms, conditions and obligations of the Sellers or Purchaser under the PSA, Sale Order, Second Amended PSA and Third Amended PSA, and any written and executed amendments thereto: (a) have not been waived or modified by this Amendment; (b) remain unchanged; (c) are hereby ratified and affirmed in their entirety; and (d) are legally valid, binding and enforceable in accordance with their respective terms.

4.      **<u>Extension of Closing Date and Payment of Extension Fee</u>.**  Section 10.1 of the PSA and Paragraph 43(ii) of the Sale Order, and Section 4 of the Second Amended PSA and Third Amended PSA are amended as follows:

*The closing of the transaction described in this Agreement (the "Closing") shall occur on March 31, 2025, TIME OF THE ESSENCE, or such earlier date as agreed to in writing between Sellers and Purchaser (the date on which the Closing occurs is referred to herein as the "Closing Date"). Solely in exchange for Sellers' agreement to extend the Closing Date as set forth above, beginning January 24, 2025, and continuing daily until the Closing Date, Purchaser shall pay Sellers the sum of $32,060 per day (the "Final Extension Fee"). The Final Extension Fee shall be fully payable by Purchaser on the Closing Date, provided however, that prior to the Closing Date Purchaser shall partially pay the Final Extension Fee as and when funds are available to Purchaser and that any such partial payments shall be paid to the Trust Account of Lender's attorney Kriss & Feuerstein LLP (each a "Partial Extension Fee") and shall provide proof of same to Sellers upon funding any Partial Extension Fee.*

*Any Partial Extension Fee shall be nonrefundable to Purchaser.*

*Any Partial Extension Fee may be disbursed from escrow by Kriss & Feuerstein LLP to Lenders and credited by Lenders against the interest component of Lenders' Allowed Secured Claim (as defined in the Sellers' First Amended Plan of Liquidation or Reorganization).*

*If the Purchase and Sale Agreement is terminated because of a Purchaser Default, the entire Partial Extension Fee shall be retained by Lenders and credited by Lenders against the interest component of Lenders' Allowed Secured Claim, for the benefit of Sellers, and as partial damages of such Purchaser Default as set forth in Section 12.3.*

5.　**Release of Partial Deposit.** The PSA, Sale Order, Second Amended PSA and Third Amended PSA are amended as follows:

*The Second Additional Earnest Money Deposit shall be fully payable by Purchaser on the Closing Date, provided however, that prior to the Closing Date Purchaser shall partially pay the Second Additional Earnest Money Deposit as and when funds are available to Purchaser and that any such partial payments shall be paid to the Trust Account of Lender's attorney Kriss & Feuerstein LLP (each a "Partial Deposit") and shall provide proof of same to Sellers upon funding any Partial Deposit.*

*Except in the case of a Seller Default under the Purchase and Sale Agreement, the Partial Deposit shall be nonrefundable to Purchaser. At Closing, the Partial Deposit shall be credited against the Purchase Price. If the Purchase and Sale Agreement is terminated because of a Purchaser Default, the entire Partial Deposit shall be retained by Lenders and credited by Lenders against the principal component of Lenders' Allowed Secured Claim, for the benefit of Sellers, and as partial damages of such Purchaser Default as set forth in Section 12.3.*

6.　**Additional Purchaser Payments.** The PSA, Sale Order, Second Amended PSA and Third Amended PSA are amended to add the following provision:

*Solely in exchange for Sellers' agreement to extend the Closing Date as set forth above, in addition to the Purchase Price and all other obligations of Purchaser hereunder, on the Closing Date Purchaser shall pay Sellers (i) real estate taxes and interest thereon accruing from January 24, 2025 through the Closing Date, plus (ii) the sum of $75,000.*

7.　**Miscellaneous.**

7.1　**Modifications.** This Amendment may not be amended, waived or modified except by an instrument in writing signed by the Parties hereto.

7.2　**Governing Law.** Enforcement of this Amendment shall be construed in accordance with the laws of the State of New Jersey, its choice of law rules notwithstanding.

7.3　**Construction of the Amendment.** The Parties hereto agree that the terms and language of this Amendment were the result of negotiations between the Parties, and, as a result, there shall be no presumption that any ambiguities in this Amendment shall be resolved against any Party. Any controversy over the construction of this Amendment shall be decided without regard to events of authorship or negotiation.

**7.4** **Entire Agreement and Amendment.** This Amendment represents all of the terms and conditions of the agreement between the Parties with respect to the subject matter hereof. There have been no representations, warranties, promises, inducements or considerations of any kind given with respect to the transactions set forth herein except as are expressly memorialized in this Amendment.

**7.5** **Headings.** Headings, titles and captions preceding the sections hereof are provided for convenience of reference and shall not be used to explain or to restrict the meaning, purpose or effect of any provision to which they refer.

**7.6** **Binding Nature, Third Parties.** This Amendment is binding on the Parties and their successors, heirs, executors and assigns of each of them.

**7.7** **Adequate Consideration.** The Parties hereby represent, confirm and acknowledge that execution of this Amendment is full, fair and ample consideration for the agreements, representations and covenants contained herein and for entering into, executing and performing every other agreement entered into by any of the Parties in connection with this Amendment.

**7.8** **Counterparts.** This Amendment may be executed by one or more of the Parties to this Amendment on any number of separate counterparts and all such counterparts taken together shall be deemed to constitute one and the same instrument. This Amendment may be executed via facsimile or electronic signature.

**7.9** **Severability.** Every provision of this Amendment is intended to be severable. If any term or provision of this Amendment is declared by a court of competent jurisdiction to be illegal, invalid or unenforceable for any reason whatsoever, such provision shall be adjusted, rather than voided, if possible, to achieve the intent of the Parties to the maximum extent possible. If any term or provision of this Amendment is declared by a court of competent jurisdiction to be illegal, invalid or unenforceable for any reason whatsoever, such illegality, invalidity or unenforceability shall not affect the balance of the terms and provisions hereof, which terms and provisions shall remain in full force and effect.

**[Remainder of page intentionally left blank;
Signatures on following pages]**

**THEREFORE**, each of the undersigned, intending to be legally bound, has caused this Amendment to be executed and delivered in its name by a duly authorized officer or representative effective as of the date reflected above.

**<u>SELLER</u>:**

**Supor Properties Enterprises LLC**



By:
Name:
Title:

**<u>SELLER</u>:**

**J Supor 136-1 Realty LLC**



By:
Name:
Title:

**<u>SELLER</u>:**

**Supor-172 Realty LLC**



By:
Name:
Title:

**<u>PURCHASER</u>:**

**H Capital Holdings, LLC**

By:_____
Name:
Title:

THEREFORE, each of the undersigned, intending to be legally bound, has caused this Amendment to be executed and delivered in its name by a duly authorized officer or representative effective as of the date reflected above.

**SELLER:**

**Supor Properties Enterprises LLC**

By:_____
Name:
Title:

**SELLER:**

**J Supor 136-1 Realty LLC**

By:_____
Name:
Title:

**SELLER:**

**Supor-172 Realty LLC**

By:_____
Name:
Title:

**PURCHASER:**

**H Capital Holdings, LLC**

By:_____
Name: Anthony He
Title:

**The undersigned acknowledge and consent to the Amendment and agree to the provisions applicable to the Lenders in Paragraphs 4 and 5 above.**

**1000 FRANK E. RODGERS 1 LLC,**

A Delaware limited liability company

_____

Name:  Joshua Zegen

Title: Authorized Signatory

**1000 FRANK E. RODGERS 2 LLC,**

A Delaware limited liability company

_____

Name:  Joshua Zegen

Title: Authorized Signatory