# EXHIBIT GGG

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE:                        .    Case No. 24-13427-SLM
                              .
                              .
SUPOR PROPERTIES              .    M.L.K. Federal Building
ENTERPRISES LLC,              .    50 Walnut Street, 3rd Floor
                              .    Newark, NJ 07102
        Debtor.              .
                              .    May 6, 2025
 . . . . . . . . . . . . .         10:03 a.m.


TRANSCRIPT OF STATUS CONFERENCE
BEFORE HONORABLE STACEY L. MEISEL
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:           Forman Holt
                          By:  MICHAEL E. HOLT, ESQ.
                          365 W. Passaic Street, Suite 400
                          Rochelle Park, NJ 07662

                          K&L Gates LLP
                          By:  DANIEL M. ELIADES, ESQ.
                          One Newark Center, 10th Floor
                          Newark, NJ 07102

For 1000 Frank E.         Kriss & Feuerstein LLP
Rodgers 1 LLC and Frank   By:  JEROLD C. FEUERSTEIN, ESQ.
E. Rodgers 2 LLC:         360 Lexington Avenue, Suite 1200
                          New York, NY 10016


Audio Operator:           Ohanna Fernandes


Proceedings recorded by electronic sound recording, transcript
          produced by transcription service.
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311      Fax No. (609) 587-3599**

2

APPEARANCES (Cont'd):

For H Capital Holdings,   Trif & Modugno LLC
LLC:                      By:  MICHAEL A. OCHS, ESQ.
                          89 Headquarters Plaza
                          North Tower, Suite 1201
                          Morristown, NJ 07960


For Harrison              McManimon Scotland & Baumann LLC
Redevelopment Agency:     By:  SARI BLAIR PLACONA, ESQ.
                          75 Livingston Avenue, Suite 201
                          Roseland, NJ 07068


For the U.S. Trustee:     Office of the U.S. Trustee
                          By:  PETER J. D'AURIA, ESQ.
                          One Newark Center, Suite 2100
                          Newark, NJ 07102


For the Port Authority    Saiber LLC
Trans-Hudson              By:  JOHN M. AUGUST, ESQ.
Corporation and The       18 Columbia Turnpike, Suite 200
Port Authority of         Florham Park, NJ  07932
New York and New Jersey:


- - - - -

3

THE COURT:  This is Judge Meisel for the ten o'clock calendar on May 6, 2025.

Are there any applications or adjournment requests to the Court?

(No audible response)

THE COURT:  Hearing none, we'll start with the Supor Properties matter.  I'll start with appearances in the courtroom and then move to Court Solutions.

MR. D'AURIA:  Good morning, Your Honor.  Peter D'Auria from the United States Trustee's Office.

THE COURT:  Thank you.

And then on Court Solutions for the debtor.

MR. HOLT:  Good morning, Your Honor.  Michael Holt from Forman Holt on behalf of the debtors.

THE COURT:  Thank you.

MR. ELIADES:  Good morning, Your Honor.  Dan Eliades, K&L Gates, special counsel for the debtors.

THE COURT:  Thank you.

Now we can just move around.  Go ahead.

MS. PLACONA:  Good morning, Your Honor.  Sari Placona, McManimon Scotland & and Baumann, counsel for the Town of Harrison and Harrison Redevelopment Agency.

THE COURT:  Thank you.

MR. OCHS:  Good morning, Your Honor.  Mike Ochs, Trif & Modugno, on behalf of contract purchaser.

4

THE COURT:  Thank you.

And what about --

MR. FEUERSTEIN:  Your Honor, Jerold Feuerstein from Kriss & Feuerstein on behalf of the secured lender.

THE COURT:  Thank you.  I was just looking for you.

MR. FEUERSTEIN:  Yeah, I had trouble getting in.  My apologies.

THE COURT:  No worries.

I think that covers everyone.  Is there anyone I missed?

(No audible response)

THE COURT:  Okay.  Why don't we get started.

Mr. Holt or Mr. Eliades.

MR. HOLT:  Your Honor, this is Michael Holt.  At the last status conference, we agreed to defer taking any action with respect to the three properties that are being sold to Mr. Ochs' client until yesterday in the hope that the funds would become available.

As of just a few minutes ago, Mr. Ochs tells us that there is some kind of an agreement in place where the funds will be released.  We hope it's today.  We just had a very brief email exchange.  So unless Your Honor has any specific questions for me, I think it would be best for me to defer to Mr. Ochs at this point to tell us what the status of the funding is.

THE COURT:  That's fine.  Mr. Ochs?

MR. OCHS:  Good morning, Your Honor.  Mike Ochs on behalf of H Capital.

My client has resolved all of their outstanding holds and freezes in the New York case.  My understanding is that an order was issued late yesterday.  There is some follow-up that my client has to do with the court this morning, but I am told, and again, I do not have this on first-hand knowledge.  This is repeating what my client is telling me.

I'm told that funds that have previously been held from various sources, we've discussed the Fubon Bank, we've discussed Flagstar, Bank of America, Wells Fargo, et cetera.  But I'm told that all of those funds are now available and will begin to trickle in throughout today.  And I am told that we will have sufficient funds to close by the end of the day.

The contract purchaser understands the position that it has put both the debtor, secured lender, and candidly the Court in, and is just asking for time.

THE COURT:  Anybody else wish to be heard?

MR. ELIADES:  Your Honor, this is Dan Eliades.

Would it be possible to order the contract purchaser to produce the order that was allegedly entered yesterday, today, to the Court in-camera?

THE COURT:  What do you think about that, Mr. Ochs?

MR. OCHS:  As I'm not lead counsel in that case, I

don't have an issue making the request.  In previous requests, I have been told that it is not advisable, and I have no --

THE COURT:  Well, let me interrupt for a minute.  Let me interrupt for a minute.

Is the New York Court ordering these things to stay out of my Court, or is this just counsel being strategic?

MR. OCHS:  It is -- let me take a step back.

If Your Honor will recall, there was a previous requirement for an in-camera submission.  The in-camera submission was prepared by myself and the team for the New York case.

The confidentiality agreement required it to be submitted before both the prosecution and the presiding judge in that case.  Both the prosecution and the presiding judge made the recommendation that the disclosure to Your Honor would be against the spirit of the confidentiality agreement, not necessarily prohibited by it, but it was a preference of the court and the prosecutor as to not have any formal submission.

So, again, I'm repeating what I've been told by counsel and don't have firsthand knowledge on this.

THE COURT:  So there is nothing stopping -- there is nothing that prevents the order that you've referenced being provided to this Court in-camera?

MR. OCHS:  As far as I am aware, there is no prohibition.

THE COURT:  Then if there is no prohibition, I am not asking, I am requiring a copy of that order to be provided to this Court by the end of today.  Or, if there is an order or a mandate out of the New York Court that requires otherwise, then you must file something on the docket explaining why you are unable to comply with my verbal order.

MR. OCHS:  Yes, Your Honor.  I can comply with that.

THE COURT:  Okay.  That way you're covered.  If there's an order that requires it, you'll tell me.  And if there isn't, you'll provide it.  For an in-camera submission, I would ask that you -- I actually prefer it get hand delivered to the Court to my attention marked confidential because then it'll go through our mail room, but it will come to me confidentially and it will not make the docket as it will be marked.

And it should be marked with, "Must not be filed on the docket.  To be given confidentially to Judge Meisel, as per her request."  Or something of the sort, so that everybody looking at it understands that this is an important document for my eyes only.

MR. OCHS:  Okay.  Understood.  Thank you.

THE COURT:  Okay.  Just so you know, because I am sensitive to those types of things, I have already prepped my chambers with different -- I work in color.  We have colored covers to put on the documents that were going to come to us,

8

so that it would be clear that they were confidential documents.  So we will protect that information.

But I would ask, after I have reviewed the information, what should the Court do with it?

I have a shredder.  I'm happy to shred it.  I'm happy to hold on to it for a little while.  I will not hold on to it forever because I don't want to be responsible for it.

MR. OCHS:  I believe the best would be that it would be destroyed after review.

THE COURT:  So why don't you remind me about that? We may not destroy it immediately, depending on what the contents say.  But I'll put the onus on you, and the Court will happily destroy at some point after review when I've deemed that I don't need to look at it any further.

Does that sound satisfactory to everyone else who's present?

MR. FEUERSTEIN:  It's okay with the secured creditor.

MR. ELIADES:  It's okay with the debtors, Judge.

THE COURT:  Okay.

MR. ELIADES:  Unless Mike says otherwise.

THE COURT:  I'm sorry.

MR. HOLT:  That's acceptable to the debtors, Your Honor.

THE COURT:  Thank you.

I see Mr. August also joined us, if he wants to put

his appearance on the record.

MR. AUGUST:  Yes, I'm sorry I'm late, Your Honor. It's John August from the Saiber LLC for the Port Authority of New York and New Jersey.

THE COURT:  Thank you.

So, okay, Mr. Eliades, that was a suggestion.  What happens after that?

MR. ELIADES:  I think, Your Honor, that we should schedule another status conference to see if we have a closing that takes place, hopefully, today or tomorrow.  And if not, to come back to see if the Court is satisfied that this, based upon the order that's submitted to Your Honor, that the prospect of these funds being released is real.

THE COURT:  I guess I should ask Mr. Ochs, though, when I read the order, is it going to be an order that satisfies the curiosity?  Because some orders aren't written that way.

MR. OCHS:  Your Honor, I have not personally seen the order.  I believe the content of the order will be sufficient to satisfy not only the curiosity, but also understand that the banks are parties to this, and it will be instructive of lifting the stay and requiring funds to be released, is what I am told is in the order.

THE COURT:  Okay.  I just want to make sure we're getting what people think that we're getting when I look at the

order.

Are there any other comments in that area besides scheduling something for a future date?

(No audible response)

THE COURT:  Okay.  Hearing nothing, I think that takes us -- the idea is you all want to close this week.  I'm going to say, same thing, Tuesday, the 13th.  And I'll keep you on at ten o'clock because life gets a little busier.  Oh, you're actually on at 11:00 already.  Let's see what you're on for.  Hang on a second here.

You have a motion to --

MR. HOLT:  Your Honor, there's a motion to extend the claim objection deadline.  The deadline for objections to that motion would be today.  I don't anticipate there will be any, so it should be an unopposed motion to extend the claims objection deadline.

THE COURT:  All right.  So I think you might appreciate if I move you to the ten o'clock calendar.  We'll move that one up just in case someone has something to say, but eleven o'clock gets a little busier, and so I think, as far as efficiencies of time, ten o'clock is a better slot.

MR. HOLT:  Thank you, Your Honor.

THE COURT:  Thank you.  And I would recommend for that one that you stay on your Court Solutions because there's a big graduation taking place in Newark.

MR. HOLT:  We appreciate that.

THE COURT:  Yes, we're trying to work around those a little bit, but there are a lot of them, and it really becomes -- you might want to check if you have to come down here for anything to see if you really have to come down because it's very hard to navigate with the graduations.

Is there anything else that we need to cover on the Supor matter?

MR. HOLT:  Your Honor, I'll submit a letter to the Court similar to what we've done before, letting you know what happened before that status conference.

THE COURT:  Okay.

And Mr. Ochs, I'll either have something handed to me or there will be something on the docket explaining why my hands are empty, right?

MR. OCHS:  Or we will have a closing and it will become moot.

THE COURT:  Well, how about this?  If the closing happens, someone give a call, even if the letter hasn't been filed yet, just so that I'm not wondering why I don't have anything in hand or looking for it.

MR. OCHS:  Yeah, absolutely, Your Honor.  I can make that call.

THE COURT:  Okay.  Perfect.

I'm hoping for the closing.  I'm happy to have empty

12

hands on this one.

Okay.  If there's nothing further, then I thank the parties for their time on this.

MR. HOLT:  Thank you, Your Honor.

THE COURT:  Thank you.

MULTIPLE RESPONSES:  Thank you, Your Honor.

THE COURT:  Have a good day.

MR. D'AURIA:  Thank you, Your Honor.

THE COURT:  You're welcome.

* * * * *


**C E R T I F I C A T I O N**

I, Karen K. Watson, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.


/s/ Karen K. Watson          DATE:  June 3, 2025
KAREN WATSON, AAERT CET-1039

J&J COURT TRANSCRIBERS, INC.