# **EXHIBIT LL**

## K&L GATES

May 16, 2025

**By Email and Overnight Mail -** ahe@hequitiesllc.com

H Capital Holdings, LLC
One Bridgeview Plaza, Suite 830
Fort Lee, New Jersey 07605
Attn: Anthony He

Daniel M. Eliades
Partner
daniel.eliades@klgates.com

T +1 973 848 4018
F +1 973 848 4001

**Re:    Supor Properties Enterprises LLC, *et. al.*
Jointly Administered Case No. 24-13427(SLM)**

**Notice of Default and Termination of Purchase and Sale Agreement**

Dear Mr. He:

Together with Forman Holt, this firm represents Supor Properties Enterprises LLC, J Supor 136-1 Realty LLC, and Supor-172 Realty LLC (collectively, the "Sellers" or "Debtors") in the above referenced jointly administered bankruptcy proceedings pending in the United States Bankruptcy Court, District of New Jersey (the "Bankruptcy Court").

Sellers and H Capital Holdings, LLC (the "Purchaser" or "H Capital") are parties to that certain Purchase and Sale Agreement effective as of August 15, 2024 (the "Initial PSA"). Capitalized terms that are not defined in this letter shall have the meaning ascribed to them in the PSA, as amended.

Pursuant to the terms of the PSA, Sellers agreed to sell and Purchaser agreed to buy properties commonly known as 1000 Frank E Rodgers Boulevard, Harrison New Jersey (lot 5.02 in block 151, lot 17.02 in block 137 and lot 1.02 in block 149) ("FER 1 Property"); 1000 Frank E Rodgers Boulevard, Harrison New Jersey (lot 1.07 in block 136) ("FER 2 Property"); and 1000 Frank E Rodgers Boulevard, Harrison New Jersey (lot 1 in block 172) ("FER 3 Property"), in the Town of Harrison, County of Hudson and State of New Jersey. FER 1 Property, FER 2 Property and FER 3 Property are collectively referred to as the "FER Properties".

Section 10.1 of the PSA provided for the following Closing Date:

> 10.1 Closing Date. The closing of the transaction described in this Agreement (the "Closing") shall occur on the date which is no later than fourteen (14) days following the entry of the Sale Order, or such other date as agreed to in writing between Sellers and Purchaser (the date on which the Closing occurs is referred to herein as the "Closing Date").

K&L GATES LLP
ONE NEWARK CENTER   TENTH FLOOR   NEWARK   NJ 07102
T +1 973 848 4000  F +1 973 848 4001  klgates.com

Anthony P. La Rocco, Managing Partner, New Jersey
320027781.1

H Capital Holdings, LLC
May 16, 2025
Page 2

Pursuant to the *Order (I) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief*, dated October 7, 2024, ECF #279, (the "Sale Order"), the PSA was amended, approved and authorized. Among other things, the Sale Order provided that the Closing shall occur on November 25, 2024, or such earlier date as agreed to in writing between Sellers and Purchaser.

Sellers and Purchaser are parties to that certain Amendment to Purchase and Sale Agreement made and entered into as of November 25, 2024 (the "Second Amended PSA"). Among other things, the Second Amended PSA provided that the Closing ". . . shall occur on January 7, 2025, TIME OF THE ESSENCE, or such earlier date as agreed to in writing between Sellers and Purchaser (the date on which the Closing occurs is referred to herein as the "Closing Date")."

Sellers acknowledge that Purchaser tendered payment of all extension fees and additional deposits as and when required under the Sale Order and Second Amended PSA.

Sellers and Purchaser are parties to that certain Third Amendment to Purchase and Sale Agreement made and entered into as of January 6, 2025 (the "Third Amended PSA"). Among other things, the Third Amended PSA provided that the Closing ". . . shall occur on January 21, 2025, TIME OF THE ESSENCE, or such earlier date as agreed to in writing between Sellers and Purchaser (the date on which the Closing occurs is referred to herein as the "Closing Date")."

The Third Amended PSA also provides:

> Additionally, Purchaser shall deposit an additional sum of $2,407,500.00 with the Escrow Agent on or before January 13, 2025 (the "Second Additional Earnest Money Deposit"). If the Second Additional Earnest Money Deposit is not delivered by January 13, 2025, it shall be deemed a Purchaser's Default under the PSA.

Purchaser did not deposit the Second Additional Earnest Money Deposit with the Escrow Agent on or before January 13, 2025, or at any time since. **Purchaser is in default of its obligations under the PSA, as amended, due to its failure to tender the Second Additional Earnest Money Deposit as and when required under the Third Amended PSA.**

Sellers and Purchaser are parties to that certain Fourth Amendment to Purchase and Sale Agreement made and entered into as of March 26, 2025 (the "Fourth Amended PSA"). Among other things, the Fourth Amended PSA provided that the Closing ". . . shall occur on March 31, 2025, TIME OF THE ESSENCE, or such earlier date as agreed to in writing between Sellers and Purchaser (the date on which the Closing occurs is referred to herein as the "Closing Date")."

At a hearing on April 1, 2025, before the Honorable Stacy Meisel, U.S.B.J., Sellers and Purchaser agreed to modify the Fourth Amended PSA only to extend the Closing Date to no later than April 7, 2025, TIME OF THE ESSENCE. Purchaser failed to close the transaction on April 7, 2025.

2

320027781.1

H Capital Holdings, LLC
May 16, 2025
Page 3

Sellers and Purchaser are parties to that certain Fifth Amendment to Purchase and Sale Agreement made and entered into as of April 9, 2025 (the "Fifth Amended PSA"). Among other things, the Fifth Amended PSA provided:

*The closing of the transaction described in this Agreement (the "Closing") shall occur on the earlier of (i) May 1, 2025, TIME OF THE ESSENCE, (ii) the availability to Purchaser of the Flagstar Bank Funds, the Fubon Bank Funds or other funds sufficient to satisfy Purchaser's obligations under the Purchase and Sale Agreement, as amended, or (iii) such earlier date as agreed to in writing between Sellers and Purchaser (the date on which the Closing occurs is referred to herein as the "Closing Date").*

Purchaser failed to close the transaction on May 1, 2025. **Purchaser is in default of its obligations under the PSA, as amended, due to its failure to close the transaction as and when required under the Fifth Amended PSA.**

.
Among other things, the Fifth Amended PSA also provided:

*Solely in exchange for Sellers' agreement to extend the Closing Date as set forth above, beginning January 24, 2025, and continuing daily until the Closing Date, Purchaser shall pay Sellers the sum of $32,060 per day (the "Final Extension Fee"). The Final Extension Fee shall be fully payable by Purchaser on the Closing Date, provided however, that Purchaser shall pay $2,000,000 of the Final Extension Fee on or before April 15, 2025, at 5:00 p.m. eastern standard time and that such partial payment of the Final Extension Fee shall be paid to the Trust Account of Lender's attorney Kriss & Feuerstein LLP (a "Partial Extension Fee") and Purchaser shall provide proof of same to Sellers upon funding any Partial Extension Fee.*

Purchaser did not pay the Partial Extension Fee on or before April 15, 2025, or at any time since. **Purchaser is in default of its obligations under the PSA, as amended, due to its failure to tender the Partial Extension Fee as and when required under the Fifth Amended PSA.**

Among other things, the Fifth Amended PSA also provided in Section 5 that if the Closing did not occur on or before April 16, 2025, that Purchaser shall (i) submit to the Bankruptcy Court the "Lee Letter" and "In Camera Materials" as defined in the Fifth Amended PSA, and (ii) file the Fubon OSC as defined in the Fifth Amended PSA in the Bankruptcy Court. Purchaser did not file submit/file the Lee Letter, In Camera Materials or the Fubon OSC on April 17, 2025 or at any time since. **Purchaser is in default of its obligations under the PSA, as amended, due to its failure to submit/file the Lee Letter, In Camera Materials or the Fubon OSC as and when required under the Fifth Amended PSA.** Section 5 of the Fifth Amended PSA further provides that: *If Purchaser fails to satisfy any of the provisions of this Section, as and when set forth herein, then Sellers' agreement to defer effective termination of the PSA shall be automatically void, ineffective and unilaterally revoked without further notice or action by Sellers **and Sellers shall be entitled to immediately terminate the PSA, as amended.** (Emphasis added.)*

3

H Capital Holdings, LLC
May 16, 2025
Page 4

Sellers have repeatedly advised Purchaser that Sellers are ready, willing and able to close the transactions subject to the PSA as and when required under the PSA, as amended. On many occasions after January 21, 2025, Purchaser and its agents advised Sellers that Purchaser was unable to satisfy its obligations under the PSA and close the transactions subject to the PSA because Purchaser did not have sufficient available funds to satisfy its obligations under the PSA, as amended. In fact, Purchaser frequently represented to Sellers that funds sufficient to satisfy Purchaser's obligations under the PSA, (i) were being released from a freeze imposed in an undisclosed litigation/proceeding, (ii) would be and/or had been wired to the Escrow Agent, the Lenders and/or counsel for Purchaser, (iii) were deposited into an account of Purchaser by certified funds, or (iv) would otherwise be available to Purchaser -- such that Purchaser would satisfy its obligations under the PSA and close the transactions subject to the PSA. None of the representations concerning Purchaser's ability to close the transactions subject to the PSA came to fruition. The repeated representations of Purchaser and its agents that funds sufficient to satisfy Purchaser's obligations under the PSA had been wired to the Escrow Agent, Lenders and/or counsel for Purchaser, have proven to be false. Sellers reserve their rights concerning these and other misrepresentations of Purchaser, including certain representations of Purchaser to the Bankruptcy Court.

On April 30, 2025, Purchaser advised Sellers, the Bankruptcy Court and other interested parties, among other things, that (i) Purchaser did not have available funds sufficient to close the transaction as required under the PSA, as amended, (ii) Purchaser did not pay the Partial Extension Fee as and when required under the Fifth Amended PSA; (iii) Purchaser did not submit/file the Lee Letter, In Camera Materials or the Fubon OSC as and when required under the Fifth Amended PSA, and (iv) Purchaser suggested that the FER Properties be marketed for sale in order to mitigate Purchaser's liability for damages to Sellers.

In addition, at hearing before the Bankruptcy Court on May 6, 2025, Judge Meisel ordered that (a) unless sufficient funds were released to H Capital to close the sale on May 6, 2025, then (b) H Capital would provide Judge Meisel with a confidential copy of the order authorizing the release of those funds *in camera*, or (c) H Capital's would file a document on the Bankruptcy Court docket explaining why the *in camera* submission was not made. To the Debtors' knowledge H Capital did not comply with Judge Meisel's order.

Moreover, at a hearing before the Bankruptcy Court on May 13, 2025, H Capital represented that an undisclosed order had been entered by an undisclosed court removing the freeze on accounts that would enable H Capital to close the transaction no later than May 15, 2025.  H Capital did not close the transaction on May 15 and has not provided proof of its present access to funds sufficient to enable it to close.

**As a result of Purchaser's numerous defaults under the PSA, as amended, Sellers hereby notice termination of the PSA effective May 21, 2025, at 11:59 p.m. eastern standard time (the "Termination Date").**

4

May 16, 2025

H Capital Holdings, LLC
May 16, 2025
Page 5

Per Section 4.3 of the Fifth Amended PSA:

*If the Purchase and Sale Agreement is terminated because of a Purchaser Default, then, in addition to all other rights and remedies available to Sellers at law or in equity:*

(i)    *all deposits and extension fees paid by Purchaser prior to effective termination of the Purchase and Sale Agreement shall be retained by Lenders and credited by Lenders against Lenders' Allowed Secured Claim, for the benefit of Sellers, and as partial damages of such Purchaser Default;*

(ii)   *within five (5) days after the effective termination of the Purchase and Sale Agreement, the Second Additional Earnest Money Deposit shall be fully payable by Purchaser to Sellers as partial damages of Sellers for such Purchaser Default;*

(iii)  *within five (5) days after the effective termination of the Purchase and Sale Agreement, the Final Extension Fee shall be fully payable by Purchaser to Sellers as partial damages of Sellers for such Purchaser Default;*

(iv)   *within five (5) days after the effective termination of the Purchase and Sale Agreement, the amounts consistent with Section  6 of the Fourth Amended PSA (real estate taxes on the Property and interest thereon accruing from January 24, 2025 through the effective date of termination of the Purchase and Sale Agreement, plus the sum of $75,000) shall be fully payable by Purchaser to Sellers as partial damages of Sellers for such Purchaser Default; and*

(v)    *within five (5) days after the effective termination of the Purchase and Sale Agreement, the Fifth Amendment Increases shall be fully payable by Purchaser to Sellers as partial damages of Sellers for such Purchaser Default.*

**Without waiver of their additional claims against Purchaser, Sellers' demand full payment of the amounts due under Sections 4.3 (ii) – (v) of the Fifth Amended PSA within five (5) days of the Termination Date.** Such payment by check shall be payable to " Supor Properties Enterprises LLC, J Supor 136-1 Realty LLC, and Supor-172 Realty LLC" care of K&L Gates LLP, One Newark Center, 10th Floor, Newark, New Jersey 07102 and Attention: Daniel M. Eliades, Esq. Wiring instructions for payment are available on request to the undersigned.

This notice does not release, waive, limit, or modify in any way the claims of Sellers. Nothing contained in this letter is or shall be construed as an admission or a waiver of any right(s) or claim(s) that Sellers may possess. Moreover, this notice does not supersede, modify, affect or withdraw any prior notice of Sellers to Purchaser. This letter is without prejudice to or waiver of any of Sellers' rights and without constituting an admission that there are no other obligations due and owing from Purchaser (or others) to Sellers. Sellers reserve all rights and remedies.

320027781.1

May 16, 2025

H Capital Holdings, LLC
May 16, 2025
Page 6


Very truly yours,

*Daniel M. Eliades*

Daniel M. Eliades


cc:    Michael A. Ochs, Esq. (Via Overnight Mail and E-Mail mochs@tm-firm.com)
        Joseph Supor, III (Via E-Mail owner24@jsupor.com)
        Kevin M Cassidy (Via E-Mail kcassidy@globalintadvisors.com)
        Jerry Feuerstein, Esq. (Via E-mail jfeuerstein@kandflllp.com)
        Jennifer Mazawey, Esq. (Via E-Mail Jennifer.mazawey@klgates.com)
        William Waldman, Esq. (Via E-Mail william.waldman@klgates.com)
        Michael E. Holt, Esq. (Via E-Mail mholt@formanlaw.com)

6

320027781.1

May 16, 2025