**HARTMANN DOHERTY**
**ROSA BERMAN & BULBULIA**
Limited Liability Partnership     Attorneys At Law

433 Hackensack Avenue, Ste. 1002
Hackensack, New Jersey 07601
t: 201.441.9056
f: 201.441.9435
www.hdrbb.com

New York Office
1270 Avenue of the Americas, Ste. 816
New York, New York 10020
t: 212.344.4619

Short Hills Office
830 Morris Turnpike, Ste. 304
Short Hills, New Jersey 07078
t: 973.467.1325

Rockland Office
2 Executive Boulevard, Ste. 300
Suffern, New York 10901
t: 845.357.7900

Miami Office
8821 SW 69th Court
Miami, Florida 33156
t: 305.419.2936

February 13, 2026

**VIA ECF**

Hon. Stacey L. Meisel, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
50 Walnut Street, Courtroom 3A
Newark, New Jersey 07102

**SP PLUS CORPORATION AND
METROPOLIS TENNESSEE LLC'S
BRIEF IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT**

**Re:**   *In re Supor Properties Enterprises LLC, et al.*
**Chapter 11 Case No. 24-13427(SLM)**

*Supor Properties Enterprises LLC, et al. v. H Capital
Holdings, LLC, et al.*
**Adversary Proceeding No. 25-1251-SLM**

Dear Judge Meisel:

On behalf of Defendants SP Plus Corporation and Metropolis Tennessee LLC, please

accept this letter in lieu of a more formal brief in support of Defendants' motion for summary

judgment dismissing as moot Plaintiff Supor Properties Enterprises LLC's single claim against

them, which seeks an accounting (Eighth Count). For the reasons discussed below, the Court

should grant Defendants' motion.

### BACKGROUND

Metropolis entered into an agreement with H Holdco, LLC to manage the parking lot at

1000 Frank E. Rodgers Boulevard, Harrison, New Jersey based on H Holdco's representation that

it owned the parking lot. Supor claims that it – not H Holdco – owns the parking lot. *See* Berman

Cert. Ex. A (First Amended Complaint ¶¶ 22-24, 227).

### STATEMENT OF UNDISPUTED MATERIAL FACTS

1)     On June 16, 2025, Supor filed a First Amended Complaint which, with respect to

Defendants, seeks in the Eighth Count an accounting of funds collected from the parking lot. *See*

Berman Cert. Ex. A (First Amended Complaint ¶¶ 335-337).

Hon. Stacey L. Meisel, U.S.B.J.
February 13, 2026
Page 2

2)      On July 7, 2025, Supor and Defendants agreed to, and the Court entered, a consent order requiring Defendants to: (i) account for revenue received from December 1, 2024, through June 30, 2025, from the parking lot; (ii) turn over the "Net Operating Income" received from May 1, 2025, through June 30, 2025, from the parking lot; and (iii) negotiate a new management agreement for the parking lot. *See* Berman Cert. Ex. B (July 7, 2025 Consent Order ¶¶ 1-4).

3)      On July 15, 2025, Supor confirmed that Metropolis had turned over the "Net Operating Income." *See* Berman Cert. ¶ 12; Ex. E (July 15, 2025 confirmation at 2); *see also* Sadik Cert. ¶ 3.

4)      On July 17, 2025, Supor confirmed that Metropolis had provided an accounting of revenue received from December 1, 2024, through June 30, 2025, from the parking lot. *See* Berman Cert. ¶ 13; Ex. E (July 17, 2025 confirmation at 1); *see also* Sadik Cert. ¶ 2.

5)      On October 17, 2025, Supor and Metropolis entered into a new management agreement for the parking lot. *See* Sadik Cert. ¶ 4.

6)      Supor's counsel has not objected to Defendants' performance under the July 7, 2025 Consent Order but, also, has not responded to any of these requests for a voluntary dismissal. *See* Berman Cert. ¶¶ 5-6, 8, 10.

## ARGUMENT

### THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS

There is no dispute that Defendants have voluntarily accounted to Supor for funds owed under Metropolis' agreement with H Holdco and turned over the funds as required under the July 7, 2025 Consent Order. Supor has not requested any additional relief against Defendants. Therefore, the Court should dismiss as moot Supor's only cause of action against Defendants, which seeks an accounting (Eighth Count).

Hon. Stacey L. Meisel, U.S.B.J.
February 13, 2026
Page 3

Article III of the Constitution limits federal court jurisdiction to actual cases and controversies. *Chafin v. Chafin*, 568 U.S. 165 (2013); *Hamilton v. Bromley*, 862 F.3d 329, 334 (3d Cir. 2017). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or been threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-751 (1984)). The case or controversy must exist through all stages of the case, from the filing of the complaint in the first instance, through final adjudication and, ultimately, through any review by an appellate tribunal. *Id.* Moot cases must be dismissed as a matter of law. *See Providence Pediatric Med. Daycare, Inc. v. Alaigh*, 672 F. App'x 172, 175 (3d Cir. 2016) (dismissing appeal where "Providence has already 'received the very relief [it] sought'") (citing *Gayle v. Warden Monmouth Cty. Corr. Inst.*, 838 F.3d 297 (3d Cir. 2016) (dismissing for mootness and noting that the appellants' individual claims had been moot for nearly three years)). Post-filing conduct that renders a claim moot constitutes valid grounds to grant summary judgment. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."); *see also Norman v. N.J. State Parole Bd.*, 2024 U.S. Dist. LEXIS 91622, at *11-12, 18 (D.N.J. 2024) (granting summary judgment because "Article III's 'case or controversy' requirement prevents federal courts from deciding cases that are moot.") (citing *Blanciak*). "The requirement that a court only exercise jurisdiction over a live case or controversy applies to bankruptcy adversary proceedings, even though Bankruptcy Courts are not Article III courts." *Ashton v. May (In re May)*, 661 B.R. 40, 50 (Bankr. E.D. Pa. 2024).

Hon. Stacey L. Meisel, U.S.B.J.
February 13, 2026
Page 4

Here, Defendants have fully complied with the Court's July 7, 2025 Consent Order and have otherwise made clear to Supor that they are ready and willing to provide it with any additional information it requires. Supor has acknowledged receipt of the accounting materials and of the "Net Operating Income." Supor also entered into a new parking lot management agreement with Metropolis, and Supor has not requested any additional information nor has it raised any deficiencies with the materials and payments provided to it by Defendants. *See* Sadik Cert. ¶¶ 2-4; *see also* Berman Cert. Ex. E (July 15, 2025 confirmation at 2 and July 17, 2025 confirmation at 1); Ex. B (July 7, 2025 Consent Order ¶¶ 1-2). Simply stated, Supor has obtained all the relief it seeks in the pending lawsuit (and more). Consequently, its solitary claim against Defendants for an accounting is moot. *See Hauptmann v. Wilentz*, 570 F. Supp. 351, 402 (D.N.J. 1983) (dismissing a claim for equitable relief as moot where the "plaintiff has already received the equitable relief she sought"); *see also In re Klingler*, 301 B.R. 519, 523-24 (Bankr. N.D. Ill. 2003) (ruling that a claim is moot when "the court can grant no effective relief because the plaintiff has already received all the relief he could."). Therefore, the Court should grant summary judgment in favor of Defendants.

### CONCLUSION

For these reasons, the Court should grant summary judgment in favor of Defendants SP Plus Corporation and Metropolis Tennessee LLC and dismiss the Eighth Count as moot.

Respectfully submitted,

Mark A. Berman, Esq.

cc: All Counsel of Record (via ECF)