UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**

K&L Gates LLP
One Newark Center
1085 Raymond Boulevard, 10th Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Facsimile: (973) 848-4001
Daniel M. Eliades, Esq.
Daniel.eliades@klgates.com
David S. Catuogno, Esq.
David.catuogno@klgates.com

*Special Counsel for the Reorganized Debtors*

Forman Holt
2 University Plaza Drive, Suite 308
Hackensack, NJ 07601
Telephone: (201) 857-7110
Facsimile: (201) 665-6650
Michael E. Holt, Esq.
Mholt@formanlaw.com

*Counsel for the Reorganized Debtors*

| | |
|---|---|
| In re:<br><br>Supor Properties Enterprises LLC, *et al.*[1],<br><br>Debtors. | Case No. 24-13427 (SLM)<br>Judge: Stacey L. Meisel<br>Chapter 11<br><br>(Jointly Administered) |
| Supor Properties Enterprises LLC,<br>J Supor 136-1 Realty LLC, and<br>Supor-172 Realty LLC<br>Plaintiffs,<br><br>v.<br><br>H Capital Holdings, LLC, Antong He a/k/a Anthony Lee a/k/a Tong He, SP Plus Corporation, Metropolis Tennessee LLC, East One Harrison Urban Renewal, LLC, Accordia Harrison Urban Renewal, LLC, H Holdco, LLC, Invictus Real Estate Partners LLC and Does I-V<br><br>Defendants. | Adv. Pro. No. 25-01251 |

[1] The Debtors in these related chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Supor Properties Enterprises LLC (5580); J Supor 136-1 Realty LLC (3205); Supor-172 Realty LLC (EIN No. 5662); Supor Properties Breiderhoft LLC (7258); Supor Properties Devon LLC (6357); Shore Properties Associates North LLC (6707); Supor Properties 600 Urban Renewal, LLC (8604); JS Realty Properties, LLC (2497); and Supor Properties Harrison Avenue, LLC (1728).

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO HOLD H CAPITAL DEFENDANTS IN CIVIL CONTEMPT**

Plaintiffs Supor Properties Enterprises LLC ("Supor Enterprises"), J Supor 136-1 Realty LLC ("Supor 136"), and Supor-172 Realty LLC ("Supor 172", and together with Supor Enterprises and Supor 136, "Plaintiffs" or "Movants") by and through their undersigned counsel, submit this memorandum of law in support of their motion (the "Contempt Motion") for an order holding Defendants H Capital Holdings, LLC ("H Capital"), Antong He a/k/a Anthony Lee a/k/a Tong He ("Mr. He"), East One Harrison Urban Renewal, LLC, Accordia Harrison Urban Renewal, LLC, and H Holdco, LLC (each a "Defendant" and collectively the "H Capital Defendants") in civil contempt for failing to comply with Paragraph 3 of the Court's December 18, 2025 Order Granting Injunctive Relief [ECF No. 60] (the "Injunctive Order"). Accordingly, Plaintiffs request an order from this Court: (1) holding the H Capital Defendants in civil contempt of Court; (2) compelling the H Capital Defendants to immediately comply with the Injunctive Order, more specifically, the items set forth at Paragraph 3 of that Order; (3) imposing continuing fines through the date of compliance, and/or other relief against the H Capital Defendants; (4) awarding Plaintiffs attorneys' fees and costs incurred in bringing this motion; and (5) granting such other relief as the Court deems just and proper.

**PRELIMINARY STATEMENT**

Through this Contempt Motion, Plaintiffs seek enforcement of a specific document-production obligation imposed by this Court's December 18, 2025 Injunctive Order (defined below). Paragraph 3 of the Injunctive Order required the H Capital Defendants to provide documents and information identifying Defendants' Accounts (defined below) and to supply account information and statements and other specified data. Per the Injunctive Order, the H Capital Defendants were required to produce the documents and information by December 28,



1616531670.4

2025. To date, despite the lapse of over ten (10) months, Plaintiffs have not received any of the required documents and information from the H Capital Defendants. [*See Certification of David S. Catuogno in Support of Contempt Motion* ("Catuogno Cert.") ¶ 14].

The H Capital Defendants' abject failure to comply with the Injunctive Order compels a finding of civil contempt against them. As described more fully below, the Injunctive Order (i) constitutes a definite obligation imposed upon the H Capital Defendants by the Court; (ii) the H Capital Defendants had knowledge of that obligation: and (iii) the H Capital Defendants failed to comply or perform in any way as required by the Injunctive Order. Accordingly, Plaintiffs seek an order from the Court holding the H Capital Defendants in civil contempt and compelling their immediate and complete compliance with the obligations set forth at Paragraph 3 of the Injunctive Order, together with fines or other appropriate sanction against the H Capital Defendants for their non-compliance, as well as reimbursement of reasonable attorneys' fees and costs incurred by Plaintiffs in bringing the Contempt Motion.

## FACTUAL BACKGROUND

On June 16, 2025, Plaintiffs filed their *First Amended Verified Complaint* (the "Amended Complaint") in this adversary proceeding against Defendants. [Catuogno Cert. ¶ 3]. That same day, Plaintiffs filed an application for an *Order to Show Cause Why Court Should Not (I) Enter Preliminary Injunctive Relief Against Each Defendant and (II) Hold H Capital Holdings, LLC in Contempt of Court* [ECF No. 4] against Defendants seeking certain emergent injunctive relief (the "OTSC"). [Catuogno Cert. ¶ 4].

Through a series of consent orders, the OTSC was resolved between Plaintiffs and non-H Capital Defendants Invictus Real Estate Partners LLC, SP Plus Corporation, and Metropolis Tennessee LLC. [Catuogno Cert. ¶ 5]. As to the H Capital Defendants, on August 13, 2025, the Court entered a *Consent Order Resolving Order to Show Cause Why Court Should Not (I) Enter*

*Preliminary Injunctive Relief Against Each Defendant and (II) Hold H Capital Holdings, LLC in Contempt of Cour*t [ECF No. 49] (the "August 13 Consent Order") whereby the H Capital Defendants agreed to pay Plaintiffs certain extension fees, and consented to the entry of injunctive relief against them in the event they failed to comply with their obligations under the August 13 Consent Order. [Catuogno Cert. ¶¶ 6 and 7].

The H Capital Defendants **did not** pay the required extension fees as and when required. [Catuogno Cert. ¶ 8]. Plaintiffs' counsel notified the Court of the failure of the H Capital Defendants in this regard by way of a *Certification of Default* filed on December 9, 2025. *Id.*

Thereafter, on December 18, 2025, the Court entered the Injunctive Order, finding that the H Capital Defendants were in default of the August 13 Consent Order and ordering defined and specific injunctive relief. [Catuogno Cert. ¶ 9]. Paragraph 2 of the Injunctive Order enjoined, restrained, and prohibited the H Capital Defendants from assigning, transferring, encumbering, and otherwise disposing of all funds presently on deposit or otherwise maintained in any deposit, brokerage or other accounts maintained at HSBC Bank, Bank of America, TD Bank, Taipei Fubon Bank Hong Kong Branch, Global Bank, Fidelity National Title, Morgan Private Bank, Chase Bank, Wells Fargo Bank, and Flagstar Bank ("Defendants' Accounts"). [Catuogno Cert. ¶ 10].

Additionally, Paragraph 3 of the Injunctive Order required the H Capital Defendants to produce to Plaintiffs documents identifying each of the Defendants' Accounts, including the identity and address of each financial institution, account numbers, names of all account holders, current balances, and account statements for each of the Defendants' Accounts since July 1, 2024. [Catuogno Cert. ¶ 11]. The Injunctive Order required the H Capital Defendants to produce the required documents and information within ten days of the entry thereof, which date was December 28, 2025. *Id.*

To date, Plaintiffs have not received the documents and other account information required to be produced under the Injunctive Order, despite the fact that the Court Ordered deadline has long since lapsed. [Catuogno Cert. ¶ 14]. Indeed, the H Capital Defendants have been in breach of their Court-ordered obligations for ten (10) months.

## ARGUMENT

### A. The H Capital Defendants' Failure to Comply with Paragraph 3 Warrants a Finding of Civil Contempt.

Courts possess the "inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (*citing United States v. United Mine Workers*, 330 U.S. 258, 330-32 (1947)). A bankruptcy court's power to hold a party in civil contempt also derives from 11 U.S.C. § 105(a), which authorizes the court to take any action or make "any determination necessary or appropriate to enforce or implement court orders…" 11 U.S.C. § 105(a); *In re Baker*, 195 B.R. 309, 316 (Bankr. D.N.J. 1996). Civil contempt is committed when a party violates an order of court which requires that party in specific and definite language to do or refrain from doing an act or series of acts. *Gilgallon v. Cnty. of Hudson*, No. 02-CV-5948 (DMC), 2008 WL 11512324, at *1 (D.N.J. July 18, 2008) (*citing McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)).

To establish that a party is liable for civil contempt, a plaintiff must prove three elements by clear and convincing evidence: "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995); *Harris v. City of Philadelphia*, 47 F.3d 1342, 1349 (3d Cir. 1995). Willfulness is not a necessary element of civil contempt, nor is good faith a defense. *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010); *Harley–Davidson, Inc. v. Morris*, 19 F.3d 142, 148–49 (3d Cir.1994).

Here, the Injunctive Order is undeniably a valid court order. Moreover, that Order imposed actual and defined obligations upon the H Capital Defendants. Specifically, Paragraph 3 of the Injunctive Order identifies the documents and other information regarding Defendants' Accounts that the H Capital Defendants were required to provide and set December 28, 2025, as the deadline for compliance. [ECF No. 60 ¶ 3; Catuogno Cert. ¶ 11]. Accordingly, there was a valid court order imposing specific and definite obligations.

Second, the H Capital Defendants had knowledge of the Injunctive Order. The H Capital Defendants are represented by an attorney, and as a result receive notice of all docket entries, including court orders, filed in this adversary proceeding through ECF. The Injunctive Order was entered on the docket in this Adversary Proceeding at ECF No. 60. Since the H Capital Defendants appeared in the Adversary Proceeding through counsel, they are on notice of that docket entry. H Capital Defendants' notice of the Injunctive Order is further confirmed by the BNC Certificates of Notice issued by the Court on December 20, 2025, at ECF Nos. 61 and 62. [Catuogno Cert. ¶ 12]. Finally, a copy of the Injunctive Order was specifically served upon counsel to the H Capital Defendants by Plaintiffs' counsel via email and first-class mail on December 19, 2026. [Catuogno Cert. ¶ 13].

Third, it is undeniable that the H Capital Defendants have failed to comply with the obligations imposed by the Court pursuant to the Injunctive Order. Plaintiffs have not received any documents or information regarding Defendants' Accounts and the production deadline of December 28, 2025, has long since lapsed. [Catuogno Cert. ¶ 11]. As of this Motion, the H Capital Defendants have been in breach of their Court-ordered obligations for ten (10) months and Plaintiffs still have no information as to the Defendants' Accounts.

The Third Circuit has affirmed findings of civil contempt for failure to submit documents

required by a consent decree and subsequent court orders. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1326–28 (3d Cir. 1995) (affirming a finding of civil contempt against the city for failing to submit an audit and ten-year plan by court-ordered deadlines). Here, likewise, the violation is the failure to perform a defined documentation related obligation imposed by a valid and binding Court Order. Each element of civil contempt is established by clear and convincing evidence and warrants a finding of civil contempt against the H Capital Defendants.

**B. Appropriate Relief Should Be Awarded.**

Bankruptcy courts have the power to impose appropriate sanctions for parties found in contempt. *In re Baker*, 195 B.R. 309, 316 (Bankr. D.N.J. 1996). Courts hearing civil contempt proceedings are afforded broad discretion to fashion a sanction that will achieve full remedial relief. *See McComb*, 336 U.S. 187, 193–94. When determining appropriate sanctions after a finding of civil contempt, a court may impose a wide range of penalties, including incarceration, fines, or a reimbursement of costs to the complainant. *See In re Baker*, 195 B.R. at 321; *Ne. Women's Ctr., Inc. v. McMonagle*, 939 F.2d 57, 70 (3d Cir. 1991) ("[C]ourts have broad discretion to fashion an appropriate civil contempt remedy.").

Sanctions for civil contempt serve to "compel future compliance with a court order, [and] are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827-28 (1994); Fed. R. Bankr. P. 9014. "In civil contempt proceedings, the classic example of a coercive fine is a *per diem* fine imposed for each day a contemnor fails to comply with an affirmative court order." *Victory's Dawn, Inc. v. Clemons*, Civ. No. 21-9744 (MAS), 2022 WL 494112, at *3 (D.N.J. Feb. 17, 2022). Courts are also permitted to award reasonable attorneys' fees and expenses to the innocent party "under the courts' inherent

power to reimburse a party for outlays incurred in securing an adjudication of contempt." *Apple Corps. Ltd. v. Int'l Collectors Soc.*, 25 F. Supp. 2d 480, 484 (D.N.J. 1998) (*quoting Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 941 (3d Cir.1995); *see also In re Baker*, 195 B.R. at 321 (*citing Int'l Brotherhood of Teamsters, Local 249 v. Western Pennsylvania Motor Carriers Ass'n*, 660 F.2d 76, 84 (3d Cir. 1981).

Here, Plaintiffs respectfully request an order directing the H Capital Defendants to immediately comply with their court-ordered production obligations pursuant to the Injunctive Order. In addition, as a means of encouraging and/or coercing compliance, Plaintiffs request that the Court impose an appropriate penalty for the non-compliance, including a going forward *per diem* fine that will terminate only upon the H Capital Defendants' compliance with the Injunctive Order. *See In re 40 Lakeview Drive, LLC*, No. 15-14692 (VFP), 2017 WL 3701215, at *3 (Bankr. D.N.J. Aug. 17, 2017), aff'd, No. BR 15-14692 (VFP), 2018 WL 1665697 (D.N.J. Apr. 6, 2018), aff'd, 771 F. App'x 174 (3d Cir. 2019) (bankruptcy court enforcing a civil-contempt order that imposed a $100-per-day fine on the debtor's managing member for failing to comply with a prior court order); *Allenwood Circle Exxon v. BMG Exterior Renovations LLC*, No. CV 23-21993 (RK)(JBD), 2024 WL 5399253, at *5 (D.N.J. Nov. 18, 2024) (wherein the court imposed a $500 daily fine for a party's failure to furnish documents required by a subpoena together with attorneys' fees); *Victory's Dawn, Inc.*, 2022 WL 494112, at *5 (assessing a civil contempt fine of $250 per day for up to a 30-day period to compel the defendant's execution of a consent judgment in compliance with his settlement agreement with the plaintiff); *Bonomo v. Citra Cap. Mgmt., LLC*, Civil Action No. 11-4409 (WHW), 2016 WL 7428794, at *3 (D.N.J. May 17, 2016) (assessing a coercive civil contempt fine of $500 per day).

Plaintiffs further request reimbursement of reasonable attorneys' fees and costs incurred in

bringing this Contempt Motion, subject to submission of supporting documentation and the Court's determination of a reasonable fee award.

The relief sought herein is reasonably calculated to compel the H Capital Defendants' compliance with the Injunctive Order entered by this Court.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order: (1) holding H Capital Defendants in civil contempt for failure to comply with their obligations under the Injunctive Order; (2) directing the H Capital Defendants to immediately and fully produce the required documents and account information required under Paragraph 3 of the Injunctive Order; (3) imposing an appropriate fine and prospective per diem penalty if noncompliance continues, with the imposition thereof terminating only upon the H Capital Defendants' full compliance with the Injunctive Order; (4) awarding Plaintiffs reasonable attorneys' fees and costs incurred in bringing this motion; and (5) granting such other relief as the Court deems just and proper.

*[Remainder of Page Left Intentionally Blank]*

Respectfully submitted,

**K&L GATES LLP**

By: _/s/ David S. Catuogno_
David S. Catuogno, Esq.
Kyle C. McLester, Esq.
One Newark Center, 10th Floor
Newark, New Jersey 07102
Tel: (973) 848-4000
Fax: (973) 848-4001
Email: david.catuogno@klgates.com
Email: kyle.mclester@klgates.com

-and-

**FORMAN HOLT**

Michael E. Holt, Esq.
2 University Plaza Drive
Suite 308
Hackensack, NJ 07601
Tel: (201) 857-7110
Fax: (201) 665-6650
Email: mholt@formanlaw.com