UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**

K&L Gates LLP
One Newark Center
1085 Raymond Boulevard, 10th Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Facsimile: (973) 848-4001
Daniel M. Eliades, Esq.
Daniel.eliades@klgates.com
David S. Catuogno, Esq.
David.catuogno@klgates.com

*Special Counsel for the Reorganized Debtors*

Forman Holt
2 University Plaza Drive, Suite 308
Hackensack, NJ 07601
Telephone: (201) 857-7110
Facsimile: (201) 665-6650
Michael E. Holt, Esq.
Mholt@formanlaw.com

*Counsel for the Reorganized Debtors*

| | |
|---|---|
| In re:<br><br>Supor Properties Enterprises LLC, *et al.*[1],<br><br>Debtors. | Case No. 24-13427 (SLM)<br>Judge: Stacey L. Meisel<br>Chapter 11<br><br>(Jointly Administered) |
| Supor Properties Enterprises LLC,<br>J Supor 136-1 Realty LLC, and<br>Supor-172 Realty LLC<br>Plaintiffs,<br><br>v.<br><br>H Capital Holdings, LLC, Antong He a/k/a Anthony Lee a/k/a Tong He, SP Plus Corporation, Metropolis Tennessee LLC, East One Harrison Urban Renewal, LLC, Accordia Harrison Urban Renewal, LLC, H Holdco, LLC, Invictus Real Estate Partners LLC and Does I-V<br><br>Defendants. | Adv. Pro. No. 25-01251 |

[1] The Debtors in these related chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Supor Properties Enterprises LLC (5580); J Supor 136-1 Realty LLC (3205); Supor-172 Realty LLC (EIN No. 5662); Supor Properties Breiderhoft LLC (7258); Supor Properties Devon LLC (6357); Shore Properties Associates North LLC (6707); Supor Properties 600 Urban Renewal, LLC (8604); JS Realty Properties, LLC (2497); and Supor Properties Harrison Avenue, LLC (1728).

**CERTIFICATION OF DAVID S. CATUOGNO IN SUPPORT OF CONTEMPT MOTION**

I, David S. Catuogno, Esq., of full age, hereby certify and declare pursuant to Title 28 of the United States Code, Section 1746, as follows:

1. I am a partner with K&L Gates LLP, special counsel for Plaintiffs Supor Properties Enterprises LLC, J Supor 136-1 Realty LLC, and Supor-172 Realty LLC ("Plaintiffs") in the above-captioned chapter 11 case and adversary proceeding. I am authorized to submit this Certification in support of *Plaintiffs' Motion to Hold the H Capital Defendants in Civil Contempt* (the "Contempt Motion").

2. I make this Certification based on my personal knowledge, a review of publicly filed documents, and information available through representatives of the Plaintiffs.

3. On June 16, 2025, Plaintiffs filed a *First Amended Verified Complaint* [ECF No. 2] (the "Amended Complaint") against Defendants H Capital Holdings, LLC ("H Capital"), Antong He a/k/a Anthony Lee a/k/a Tong He ("Mr. He"), SP Plus Corporation, Metropolis Tennessee LLC, East One Harrison Urban Renewal, LLC, Accordia Harrison Urban Renewal, LLC, H Holdco, LLC, Invictus Real Estate Partners LLC, and Does I-IV (collectively, "Defendants" with H Capital, Mr. He, East One Harrison Urban Renewal, LLC, Accordia Harrison Urban Renewal, LLC, and H Holdco, LLC collectively referred to as the "H Capital Defendants").

4. On June 16, 2025, Plaintiffs filed an application for an *Order to Show Cause Why Court Should Not (I) Enter Preliminary Injunctive Relief Against Each Defendant and (II) Hold H Capital Holdings, LLC in Contempt of Court* [ECF No. 4] against Defendants seeking emergent injunctive relief against Defendants (the "OTSC").

5. Through a series of consent orders, the OTSC was resolved between Plaintiffs and non-H Capital Defendants Invictus Real Estate Partners LLC, SP Plus Corporation, and Metropolis Tennessee LLC. [*See* ECF Nos. 26 and 30].

6. On August 13, 2025, the Court entered a *Consent Order Resolving Order to Show Cause Why Court Should Not (I) Enter Preliminary Injunctive Relief Against Each Defendant and (II) Hold H Capital Holdings, LLC in Contempt of Cour*t [ECF No. 49] (the "August 13 Consent Order").

7. Pursuant to the August 13 Consent Order the H Capital Defendants agreed to pay Plaintiffs certain extension fees and consented to the entry of certain injunctive relief against them in the event they failed to comply with their obligations under said Consent Order.

8. The H Capital Defendants failed to make the payments required under the August 13 Consent Order and, in accordance with that order, on December 9, 2025, counsel for Plaintiffs submitted a *Certification of Default* [ECF No. 59] establishing the H Capital Defendants' non-compliance with the August 13 Consent Order.

9. Shortly thereafter, on December 18, 2025, the Honorable Stacey L. Meisel, U.S.B.J., entered an *Order Granting Injunctive Relief* [ECF No. 60] (the "Injunctive Order") finding that the H Capital Defendants had failed to comply with the obligations set forth in the August 13 Consent Order and ordering defined and specific injunctive relief as previously agreed to by the H Capital Defendants in the August 13 Consent Order. A true and accurate copy of the Injunctive Order is attached hereto as **Exhibit A**.

10. Paragraph 2 of the Injunctive Order enjoined, restrained, and prohibited the H Capital Defendants from assigning, transferring, encumbering, and otherwise disposing of all funds presently on deposit or otherwise maintained in any deposit, brokerage or other accounts maintained at HSBC Bank, Bank of America, TD Bank, Taipei Fubon Bank Hong Kong Branch, Global Bank, Fidelity National Title, Morgan Private Bank, Chase Bank, Wells Fargo Bank, and Flagstar Bank ("Defendants' Accounts").

11. Paragraph 3 of the Injunctive Order required the H Capital Defendants to provide Plaintiffs with documents identifying each of the Defendants' Accounts, including the identity and address of each financial institution, account numbers, names of all account holders, current balances, and account statements for each of the Defendants' Accounts since July 1, 2024, and further required that this production be made within 10 days from the date of the Injunctive Order. Thus, the H Capital Defendants were required to make the Court ordered production by December 28, 2025.

12. The H Capital Defendants are represented by an attorney, and as a result receive notice of all docket entries, including court orders, filed in this adversary proceeding through ECF. The Injunctive Order was entered on the docket in this Adversary Proceeding at ECF No. 60. The Court also issued two (2) BNC Certificates of Notice [ECF Nos. 61 and 62] confirming that notice of the Injunctive Order was provided to the H Capital Defendants.

13. Additionally, a copy of the Injunctive Order was specifically served upon counsel for the H Capital Defendants by Plaintiffs' counsel via email and first-class mail on December 19, 2026. A true and accurate copy of the December 19, 2026 email and transmittal letter serving the Injunctive Order upon the H Capital Defendants is attached hereto as **Exhibit B**.

14. To date, Plaintiffs have not received any of the documents and account information that the H Capital Defendants were required to produce under the Injunctive Order.

I hereby certify that the foregoing statements made by me are true and that this Certification is executed under penalty of perjury. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 27, 2026

By: *__/s/ David S. Catuogno__*
David S. Catuogno, Esq.



1616530050.5